505 So.2d 670 (1987)
STATE of Florida, Appellant/Cross-Appellee,
v.
Wladimir NIEMCOW, Appellee/Cross-Appellant.
No. 86-1125.
District Court of Appeal of Florida, Fifth District.
April 16, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellant/cross appellee.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellee/cross-appellant.
PER CURIAM.
The defendant was convicted of attempting to traffic in cocaine greater than 400 grams, sections 893.135(1)(b)(3) and 777.04, Florida Statutes (1985) and conspiracy to traffic in cocaine greater than 400 grams, section 893.135(4), Florida Statutes (1985). The trial judge imposed concurrent sentences of six years incarceration followed by five years probation, which fell within the recommended guidelines sentence.
The state appeals arguing that because section 893.135(4) provides that conspiracy "is punishable as if [defendant] had actually committed such prohibited act," the sentence for conspiracy in this case must be *671 the mandatory minimum sentence of imprisonment for fifteen years that is provided as punishment of the felony defendant conspired to commit, which sentence is greater than the recommended guidelines sentence and under Florida Rule of Criminal Procedure 3.701(d)(9) must be imposed.
The defendant argues that the words "is punishable" in section 893.135(4), Florida Statutes (1985) do not mandate a mandatory minimum sentence on the conspiracy to traffic in cocaine conviction.
The trial judge erred in not imposing the appropriate sentence and fine. The language of section 893.135(4), Florida Statutes (1985) when read in conjunction with section 893.135(1)(b), Florida Statutes (1985), clearly indicates that the legislature intended conspiracy to traffic in cocaine not only to be a felony in the first degree, but also to be punishable as if the defendant had committed the act which he conspired to commit. Because the conspiracy related to trafficking in an amount of cocaine greater than 400 grams, a minimum term of imprisonment of fifteen years and a fine of $250,000.00 were mandated by the statute as punishment for the conspiracy to traffic in cocaine violation. §§ 893.135(1)(b)(3), 893.135(4), Fla. Stat. (1985) See State v. Maillis, 495 So.2d 817 (Fla. 2d DCA 1986); State v. Samudio, 460 So.2d 419 (Fla. 2d DCA 1984). Thus, the recommended guidelines sentence is less than the mandatory penalty and under Rule 3.701(d)(9), the mandatory sentence takes precedence. While this sentence may appear harsh in this case, the legislature has indicated its intention that the sentencing court not have discretion to ameliorate it.
Accordingly, the sentence entered herein on the conspiracy to traffic in cocaine conviction is reversed and the cause remanded for imposition of a mandatory minimum sentence of fifteen years and a fine of $250,000 on the conspiracy to traffic in cocaine conviction, which sentence may be served concurrently with the attempting to traffic in cocaine conviction.
Affirmed in part, reversed in part, and remanded.
ORFINGER, SHARP and COWART, JJ., concur.