539 So.2d 559 (1989)
Brian ESSEX, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0085.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Richard L. Jorandby, Public Defender, and Phyllis Malinski, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was charged with trafficking in more than twenty-eight grams of cocaine. The requested instruction on simple possession was not given. It should have been and we reverse.
We have sympathy for the trial judge's ruling. After all, trafficking, under the facts sub judice, is but possession of more than twenty-eight grams of cocaine and it was stipulated that more than twenty-eight grams were involved here. Nonetheless, we must still consider the doctrine of jury pardon and a stipulation as to the amount of the cocaine that was possessed has been held not to constitute a waiver. See Carvalho v. State, 513 So.2d 1321 (Fla. 3d DCA 1987).
Sub judice, the charge read as follows: [D]id knowingly sell, manufacture, deliver or bring into the State of Florida or was in knowing or actual or constructive possession of cocaine or a mixture containing cocaine in the amount of more than 28 grams but less than 200 grams, contrary to Florida Statute 893.135(1)(b)1. [emphasis supplied.]
There is no doubt that the allegata included more than trafficking by delivery. Clearly, trafficking by possession was alleged. Further, the defense was entrapment and the probata admittedly showed possession.
Finally, though the actual holding only involved the issue of trafficking by delivery, a very recent case made it quite clear that an instruction on possession is mandated when the accusatory pleadings and the evidence support same. See State v. Daophin, 533 So.2d 761 (Fla. 1988).
REVERSED AND REMANDED.
GARRETT, J., and CARNEY, ROBERT B., Associate Judge, concur.