SCHEB, Acting Chief Judge.
The defendant, Ernesto Amado, raises four points in appealing his convictions and sentences for trafficking in and delivery of cocaine. We reject his contentions that the court erred in admitting hearsay statements of coconspirators and in failing to instruct the jury on a lesser included offense. We agree that the court erred in convicting him of both trafficking and delivery of the same quantity of cocaine and *737 in imposing a departure sentence because of the quantity of cocaine involved.

The Facts

The state charged the defendant with trafficking in cocaine and delivery of cocaine in violation of sections 893.135(l)(b)(l) and 893.13(l)(a)(l), Florida Statutes (1985). The evidence at the defendant’s jury trial revealed that in October 1985, Detective Blaine Defreitas received a tip from Harry Enos, a confidential informant (Cl), that a third party named Miguel was selling drugs at 1213 East Columbus Avenue in Tampa. The officers made a controlled buy at that address of a half gram of cocaine. This purchase did not involve the defendant.
The next evening, Defreitas and Enos returned and made an agreement with Miguel to purchase additional cocaine. De-freitas was to return at 8:30 p.m., and although Miguel would not be present, he said that someone would be. Later that evening, Defreitas and Enos arrived back at Miguel’s residence where the defendant and his codefendant, Horacio Hernandez, were present.
The defendant went across the street to see what Miguel was doing, returned to report that Miguel was preparing their package, and left again. While Defreitas, Enos, and Hernandez waited in the kitchen, the defendant returned with a closed brown paper bag and handed it to Hernandez. He, in turn, gave it to Defreitas who removed three packages of cocaine while the defendant watched. Defreitas placed the packages on the kitchen table and told Hernandez that Enos would get the money from the car. The defendant began nervously pacing about and speaking to Hernandez in Spanish. One witness said Hernandez then turned on the kitchen faucet, suggesting that he may have done so to dispose of the cocaine should police suddenly arrive on the scene. •
When Enos returned with the money, Defreitas counted it. Law enforcement officers were signaled and arrived and announced their presence in both Spanish and English and apprehended those present.
Over the defendant’s objection, statements made by Miguel and Hernandez, who did not testify, were admitted into evidence under the coconspirator exception to the hearsay rule to show circumstances preceding the cocaine transaction. Further, before the jury retired, the trial court declined the defendant’s request to instruct the jury on any lesser included offenses of trafficking, including simple possession. The jury returned verdicts of guilty for both offenses charged. The court adjudicated the defendant guilty and imposed a departure sentence of consecutive terms of thirty years’ imprisonment for trafficking and fifteen years’ imprisonment for delivery. The court’s only written reason for departure was the quantity of cocaine involved.

Admission of Hearsay Statements

We find no merit in the defendant’s contention that the trial court erred by admitting, over his objection, hearsay statements under the coconspirator exception to the hearsay rule, section 90.803(18)(e), Florida Statutes.
The defendant correctly points out that to admit hearsay statements against a coconspirator, the state must show that a conspiracy existed, that the coconspirator and the defendant were members of the conspiracy and that the statement was made in the course of, or furtherance of, the conspiracy. State v. Morales, 460 So.2d 410, 414 (Fla. 2d DCA 1984). However, contrary to the defendant’s position, an examination of the record reveals substantial competent evidence that a conspiracy existed. While the defendant’s presence alone was not sufficient to establish his involvement in a conspiracy, Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980); his actions evidenced an active participation in furthering the purchase and were more than “mere presence.” See Verni v. State, 536 So.2d 1162, 1164 (Fla. 2d DCA 1988), *738 review denied, 542 So.2d 1335, citing Morales,[1]

Failure to Instruct the Jury on Lesser Included Offenses

We next address the trial court’s refusal to instruct the jury on simple possession as a lesser included offense of trafficking in cocaine.
Initially, we must determine whether the requested instruction was a necessarily lesser included offense of that charged. The state’s information charged that the defendant did:
knowingly sell, manufacture, deliver, or bring into this State, or was/were knowingly in actual or constructive possession of Cocaine, a controlled substance described in F.S. 893.03(2)(a)4, or any mixture containing cocaine, in an amount of twenty-eight (28) grams or more, but less than two hundred (200) grams....
Section 893.135(l)(b), Florida Statutes, provides alternative methods of trafficking in cocaine, i.e., by selling, by manufacturing, by delivery, by bringing into the state, or by possessing the controlled substance. Because the state’s information here alleged all of the alternatives under section 893.135(l)(b), possession was not a necessarily lesser included offense, but only a permissible lesser included offense. See State v. Daophin, 533 So.2d 761 (Fla.1988) (defendant charged only with trafficking by delivery was not entitled to instruction on simple possession).
Instruction on a permissible lesser included offense is required when requested where the pleadings and evidence demonstrate that it is included in the charged offense. Wilcott v. State, 509 So.2d 261 (Fla.1987). Here, the defendant was charged under section 893.135(l)(b), Florida Statutes, which classifies possession of more than 28 grams as trafficking. The evidence showed that the cocaine weighed either 56 or 58.1 grams. There was no evidence that the amount involved was less than 28 grams. Therefore, the trial court did not err in declining to instruct the jury that simple possession was a necessarily included lesser offense. Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), review denied, 519 So.2d 987 (Fla.1988).
The Fourth District, however, has taken a different view. In Essex v. State, 539 So.2d 559 (Fla. 4th DCA 1989), the defendant was charged with trafficking in cocaine by an information which listed all the alternative methods under section 893.-135(l)(b), as was the defendant here. The parties had stipulated that more than 28 grams of cocaine were involved. Nonetheless, Essex requested the lesser included instruction of simple possession, which was denied by the trial court. The Fourth District held that despite the stipulation, the jury should have been given the right to exercise its pardon power by receiving instructions on the proper lesser included offense.
We agree with the First District’s holding in Munroe; we disagree with the Fourth District's holding in Essex. Thus, we reject the defendant’s first point.

Double Jeopardy Violation

The defendant argues and the state concedes that he was convicted and sentenced for trafficking in and delivery of the same quantity of cocaine in violation of the double jeopardy clause. Pelaez v. State, 541 So.2d 1211 (Fla. 2d DCA 1988), review denied, 542 So.2d 1334 (1989).

Upward Departure

The defendant’s sentence represents an upward departure from the recommended guideline sentence. The written reason for departure was the quantity of cocaine involved, which the defendant ar *739 gues and the state concedes is improper. Sandoval v. State, 541 So.2d 1361 (Fla. 2d DCA 1989). We decline the state’s request to allow the court to depart on resentencing. Pope v. State, 561 So.2d 554 (Fla. 1990); Shull v. Dugger, 515 So.2d 748 (Fla. 1987).

Conclusion

Accordingly, we vacate the defendant’s judgment and sentence for delivery of cocaine. We affirm the conviction for trafficking in cocaine but remand for resen-tencing within the recommended range of the sentencing guidelines.
FRANK and THREADGILL, JJ., concur.

. The First and Third Districts declined to follow Morales in favor of a later decision in Bourjaily v. U.S., 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) which held that in making a preliminary determination of the conspiracy, the court could examine the hearsay statements sought to be admitted. As Florida does not have a counterpart to the Federal rule relied upon, the Florida Supreme Court in Romani v. State, 542 So.2d 984 (Fla. 1989), resolved the conflict by declining to adopt the federal approach and by requiring independent evidence to prove the conspiracy and each member’s participation in it.