585 So.2d 282 (1991)
Ernesto AMADO, Petitioner,
v.
STATE of Florida, Respondent.
No. 76209.
Supreme Court of Florida.
September 5, 1991.
James Marion Moorman, Public Defender and Kevin Briggs, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Judge.
We review Amado v. State, 563 So.2d 736 (Fla. 2d DCA 1990), because of direct conflict with Essex v. State, 539 So.2d 559 (Fla. 4th DCA 1989). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the opinion under review.
Amado was convicted of trafficking in cocaine. The issue we address is whether the trial court committed reversible error in denying Amado's request to instruct the jury on simple possession as a lesser included offense of trafficking in cocaine.
In State v. Daophin, 533 So.2d 761 (Fla. 1988), we held that possession is not a necessarily lesser included offense of trafficking. The information in Daophin did not allege trafficking by possession, but in the instant case the information alleged trafficking by sale, manufacture, delivery, or possession. While this pleading does not affect our ruling that possession is not a necessarily lesser included offense, it does make possession a permissible lesser included offense if the evidence supports it.
Permissive lesser included offenses are those offenses that may or may not be lesser included offenses depending on the pleadings and the evidence presented. Wilcott v. State, 509 So.2d 261, 262 (Fla. 1987). An instruction on a permissive lesser included offense must be given "when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged." Id. In the instant case, the district court held that simple possession is a permissive lesser included offense of trafficking, but ruled that the evidence did not support the instruction. Contrary to the district court's decision, we find that the evidence presented at trial supports simple possession.
An instruction on a permissive lesser included offense should be precluded *283 only where "there is a total lack of evidence of the lesser offense." In re Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981). As there was no such absence of evidence in the instant case, the trial court committed reversible error in refusing the requested instruction on simple possession. The fact that the evidence was overwhelming that the amount of drugs involved in this transaction exceeded twenty-eight grams does not preclude giving the instruction upon request.[*] We still allow juries to convict on lesser offenses under our recognition of the jury's right to exercise its "pardon power." State v. Wimberly, 498 So.2d 929 (Fla. 1986).
The decision under review is quashed. The cause is remanded with instructions to vacate the judgment of guilt and order a new trial. We approve Essex. To the extent it conflicts herewith, we recede from Gilford v. State, 313 So.2d 729 (Fla. 1975).
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] The only controversy on the amount of drugs involved was whether it weighed 56 or 58 grams.