THREADGILL, Judge.
Willie Clarence Ford was convicted of conspiracy to traffic in cocaine[1] and sentenced to life in prison as an habitual offender, with thirty-five years suspended. We affirm the conviction, but reverse and remand for resentencing.
The appellant challenges his conviction, contending that there was no direct evidence of an agreement to commit a felony as the circumstantial evidence failed to exclude every reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187 (Fla.1989). We find the evidence was sufficient to sustain the verdict.
The evidence at trial showed that a man named Willie telephoned a confidential informant to order one and a half kilos of cocaine, valued at $22,000. They arranged to meet at a Tampa fast food restaurant on a particular date. On the date agreed, the appellant Willie Ford traveled from Orlando to Tampa with over $21,000, in cash, $7,400, on his person and $13,990, in the trunk of the car. He sat in the front seat while Antonio Holmes drove and Lorenzo Jones sat in the back giving directions.
When they reached Tampa, they decided to bypass the fast food restaurant and change the meeting place to a service station. Lorenzo made a telephone call from the station, and then the three waited for half an hour until a Tampa police officer approached them and they decided to leave.
The confidential informant testified that the call to change the meeting place came from a person who identified himself as “Lo.” A Hillsborough County Sheriff’s Deputy drove by the gas station and confirmed that the appellant and the others were waiting.
After leaving the service station, the three drove back toward Orlando and were stopped travelling east on Interstate 4. Just before the stop the appellant tucked the $7,400, he was carrying into Holmes’ belt. After their arrest, the appellant told Holmes he was sorry he had “mixed him up in this.”
The appellant relies on Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988) which found the evidence of conspiracy insufficient where the defendant knew of the planned drug transaction, relayed information concerning the amount of cocaine to be obtained, and requested a telephone number where the undercover detective could be reached. The facts in this case, however, are distinguishable because the evidence went beyond showing that the appellant merely aided another in the commission of the offense. He not only attempted to be present at the transaction, he also carried some of the purchase money on his person. We therefore affirm the appellant’s conviction.
We agree with. the appellant that the habitual offender sentence[2] was improper because it was based on three convictions entered on the same day. We have construed the 1988 amendment to the ha *350 bitual offender statute to require two consecutive prior convictions to qualify a defendant for habitual offender sentencing. See Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Nevertheless, as the appellant did not object to the prior convictions at the time he was sentenced, upon remand the state will have the opportunity to prove he meets the requirements for habitual offender sentencing. See Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991). We therefore affirm the conviction, reverse the sentence, and remand for resentencing.
Affirmed in part; reversed in part.
FRANK, A.C.J., and PARKER, J., concur.

. §§ 893.135 and 777.04(3), Fla.Stat. (1987).

. § 775.084, Fla.Stat. (Supp.1988).