PER CURIAM.
Defendant, James Clinton Clarke, appeals his conviction and sentence for aggravated assault on a law enforcement officer, as well as the trial court’s order requiring Clarke to make restitution. For the following reasons, we reverse that conviction and vacate the restitution order.
Rule of Criminal Procedure 3.510(b) allows a jury to find a defendant guilty of the offense charged or any offense which, as a matter of law, is a necessarily included, or lesser included offense of the offense charged, if supported by the evidence. Permissive lesser included offenses are those offenses which may or may not be lesser included offenses, depending on the pleadings and evidence presented. Amado v. State, 585 So.2d 282 (Fla.1991); Wilcott v. State, 509 So.2d 261, 262 (Fla.1987). An instruction on a permissive lesser included offense must be given when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged. 585 So.2d at 282; 509 So.2d at 262. In the instant case, defendant was charged with attempted murder, a first degree felony. The information alleged, and the evidence adduced at trial established the lesser included offense of resisting a police officer with violence. Defendant requested that the jury be instructed on this lesser included offense, but the trial court refused. We conclude the trial court committed reversible error when it refused the requested instruction. Amado, 585 So.2d at 283; State v. Wimberly, 498 So.2d 929, 931-32 (Fla.1986); Williams *511 v. State, 579 So.2d 754, 755 (Fla. 3d DCA 1991).
In the same proceeding, defendant was charged and thereafter convicted of grand theft. As part of his sentence as to this conviction, defendant was ordered to pay $3,829.74 in restitution. Because the record clearly indicates the defendant’s present and potential inability to pay the ordered restitution, and the trial court noted this inability in the record, that order is stricken. Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991); Green v. State, 571 So.2d 571, 573 (Fla. 3d DCA 1990); see also § 775.089(6), Fla.Stat. (1991).
Defendant’s other points on appeal are without merit. Accordingly, defendant’s conviction and sentence for aggravated assault on a law enforcement officer is reversed and the case remanded to the trial court. The restitution order is vacated. The balance of the order under review is affirmed.