612 So.2d 688 (1993)
Marc Leonard RUSS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02838.
District Court of Appeal of Florida, Second District.
January 22, 1993.
*689 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Marc Leonard Russ, challenges the judgments and sentences imposed upon him in connection with a five count information filed against him. A jury found the appellant guilty as charged of trafficking in 400 grams or more of cocaine, possession of twenty grams or more of marijuana, possession of drug paraphernalia, and operation of a crack house. The appellant pled nolo contendere to the remaining charge, grand theft.
Although the appellant filed a notice of appeal challenging all of the judgments and sentences imposed upon him as a result of this five count information, the only argument he raises on appeal concerns the trafficking in cocaine charge. We agree with the appellant's contention that the trial court erred by refusing to instruct the jury on simple possession of cocaine as a lesser included offense of trafficking in 400 grams or more of cocaine. We, accordingly, reverse and remand for a new trial on that charge and affirm the trial court in all other respects.
A permissive lesser included offense is an offense that may or may not be included in the offense charged depending on the pleadings and the evidence. Amado v. State, 585 So.2d 282 (Fla. 1991). As long as the evidence supports it, simple possession of cocaine is a permissive lesser included offense of trafficking in cocaine where the information alleges trafficking by sale, manufacture, delivery, or possession. Amado. The record here indicates that the charging document alleged that appellant committed the offense of trafficking by delivery or possession of cocaine. Thus, according to Amado, the pleadings here demonstrate that possession of cocaine is a permissible lesser included offense of the greater charge. See also State v. Weller, 590 So.2d 923 (Fla. 1991) (conspiracy to deliver is a permissive lesser included offense of conspiracy to traffic in 400 grams or more of cocaine, where conspiracy to deliver was charged in connection with conspiracy to traffic).
An instruction on a permissive lesser included offense must be given when the pleadings and evidence demonstrate that the lesser offense is included in the charged offense. Amado. The record here indicates that the pleadings and the evidence adduced at trial supported an instruction on simple possession. Accordingly, it was error for the trial court to deny appellant's request for an instruction on simple possession of cocaine. Amado; see also Weller.
We reverse the conviction of trafficking in 400 grams or more of cocaine and remand for a new trial on that charge.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.