633 So.2d 480 (1994)
Schwartz Monzell GAINER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3443.
District Court of Appeal of Florida, First District.
February 23, 1994.
*481 Nancy A. Daniels, Public Defender, Y. Yvette Pressley and Phil Patterson, Asst. Public Defenders, P. Douglas Brinkmeyer, Deputy Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
Schwartz Monzell Gainer appeals final judgments adjudicating him guilty, on account of multiple transactions, of possession of cocaine with intent to distribute (deliver) in violation of Section 893.13(1)(a), Florida Statutes (1991), of attempted sale or delivery of cocaine, and of being a principal to the sale or delivery of cocaine. He was sentenced to five years' imprisonment for possession with intent to deliver, and to ten-year terms on each of the other two convictions, the sentences to run concurrently.
The only issue on appeal is whether the trial court erred in failing to instruct the jury on simple possession of cocaine, proscribed by Section 893.13(1)(f), Florida Statutes (1991). Undisputed evidence showed that appellant had a piece of crack cocaine in his pocket at the time of his arrest. Possession of cocaine is a lesser offense whose elements are identical to some of the elements of possession of cocaine with intent to deliver. The information filed and the evidence adduced at trial made simple possession a "permissive" or "category two" lesser included offense. See Cave v. State, 613 So.2d 454, 456 n. 1 (Fla. 1993) (Kogan, concurring); Fla. Std.Jury Instr. (Crim.) [283, et seq.].
At what became the preliminary charge conference, counsel alerted the trial judge to the defense contention that the jury should be instructed on simple possession of cocaine:
THE COURT: ... I'll hear you on any lesser included that you think may be involved.
MS. ATKINS: On the possession with intent to sell, wouldn't a simple possession be a lesser included offense, Judge?
THE COURT: I'm looking. Schedule of lesser included offenses. Page 300 under Category 1 of the main charge: Sale, manufacture, delivery or possession with intent to sell, manufacture or deliver of a controlled substance, it lists none. Under Category 2, attempt is a possibility  there has been no evidence of an attempt except in the main charge of Count 1 of 91-1663. So I conclude there are no lesser includeds. I would be happy to hear any further argument.
(No responses)
THE COURT: Okay, We'll treat this as a preliminary charge conference... .
R. at 108. The Florida Supreme Court has interpreted the contemporaneous objection rule, Fla.R.Cr.P. 3.390(d), to require an objection "sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Castor v. State, 365 So.2d 701, 703 (Fla. 1978). What occurred below suffices.
After the colloquy set out above, the judge asked if there were "any other requested instructions." Neither side had requested any instruction other than an instruction regarding simple possession. The trial judge also asked whether there were "requests for additional instructions or objections to those given other than previously noted." The trial judge "was fully aware that an objection was made to the failure to instruct ... [and] the specific grounds for the objection were presented, and... [he] was given a clear opportunity to rule on the objection." Hubbard v. State, 411 So.2d 1312, 1315 (Fla. 1st DCA 1982).
The appellant was entitled to the requested instruction because the pleadings set out the elements of and the evidence could have supported a conviction for the commission of the lesser offense. Amado v. State, 585 So.2d 282 *482 (Fla. 1991); Hutchinson v. State, 580 So.2d 257, 260 (Fla. 1st DCA 1991), citing State v. Daophin, 533 So.2d 761 (Fla. 1988). The failure to give the instruction requested was reversible error. Amado v. State, supra; Johnson v. State, 570 So.2d 1158 (Fla. 5th DCA 1990). The conviction for possession of cocaine with the intent to distribute is, therefore, reversed. We affirm appellant's convictions and sentences for attempted sale or delivery of cocaine and as a principal to the sale and delivery of cocaine.
ERVIN, BARFIELD and BENTON, JJ., concur.