SHAW, Justice.
We have for review Lee v. State, 619 So.2d 1016 (Fla. 3d DCA 1993), based on conflict with State v. Niemcow, 505 So.2d 670 (Fla. 5th DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The State charged Lee with conspiracy to traffic in cocaine. The charge was noted on the information as a second-degree felony:

INFORMATION FOR

I. CONSPIRACY TO TRAFFIC IN MORE THAN 28 GRAMS OF COCAINE, BUT LESS THAN 200 GRAMS, F.S. 893.135 AND 777.04 — 2ND DEGREE 'FELONY
II. TRAFFICKING IN MORE THAN 28 GRAMS OF COCAINE, BUT LESS THAN 200 GRAMS, F.S. 893.135 AND 777.04 — 1ST DEGREE FELONY
IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
Kirk C. Zuelch, State Attorney for the Sixteenth Judicial Circuit, prosecuting for the State of Florida in the said Judicial Circuit, under oath, information makes that (A) CALVIN LEE AND (B) STANLEY FULTON, in the County of Monroe and State of Florida, on the 2nd day of August 1991, in the County and State aforesaid, did unlawfully agree, conspire, combine, or confederate with each other and/or CURTIS GIBSON, to commit a criminal offense, to-wit: TRAFFICKING IN 28 GRAMS OR MORE, BUT LESS THAN 200 GRAMS OF COCAINE OR A PREPARATION THEREOF, in violation of Section 777.04(3), Florida Statutes, and contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
COUNT II
And the said Kirk C. Zuelch, State Attorney for the Sixteenth Judicial Circuit, prosecuting for the State of Florida in the said Judicial Circuit, under oath, farther information makes that (A) CALVIN LEE AND (B) STANLEY FULTON in the *811 County of Monroe and State of Florida, on the 2nd day of August 1991, in the County and State aforesaid, did unlawfully and knowingly, sell, manufacture, deliver or knowingly be in actual or constructive possession of 28 GRAMS OR MORE, BUT LESS THAN 200 GRAMS OF COCAINE OR A PREPARATION THEREOF of a controlled substance defined in Section 893.03, contrary to Section 893.135, Florida Statutes, and contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
(Emphasis added.)
Following trial and conviction, the conspiracy was listed on the judgment as a first-degree felony:
COUNT CRIME OFFENSE STATUTE DEGREE NUMBERS OF CRIME
I Conspiracy to traffic in 893.135/777.04 1 28 grams or more of cocaine but less than 200 grams
II Trafficking in 28 grams 893.135/777.04 1 or more but less than 200 grams of cocaine
Lee appealed the conviction, claiming that the trial court erred in convicting him of a first-degree felony when he had been charged with only a second-degree felony. The State conceded the point, and the district court reversed the conviction, ruling: “A conspiracy to traffic in cocaine is a second degree felony_” Lee, 619 So.2d at 1017.
The State had second thoughts and subsequently filed a motion for rehearing, arguing that conspiracy to traffic in 28 grams or more of cocaine is a first-degree felony. The State’s motion provided in part:
2. In its opinion the court determined that the judgment of conviction for conspiracy to traffic in more than 28 grams of cocaine should be reversed and remanded to reflect the conviction as a second degree felony rather than a first degree felony pursuant to sections 777.04(4)(b) and 853.135(l)(b)(l)(a), Fla.Stat. (1991).
3. In part, the State believes that this opinion resulted from the State’s having originally agreed that the judgment would be so corrected.
4. The State, and the under signed attorney personally, apologizes for erroneously agreeing with appellant that a conviction for conspiracy to traffic in more than 28 grams of cocaine is a second degree felony.
5. Through inadvertence, the undersigned overlooked section 893.135(5), Fla. Stat. (1991), which expressly states that a conspiracy to traffic in more than 28 grams of cocaine is a first degree felony.
The district court denied rehearing, and the State sought review, which we granted based on conflict with State v. Niemcow, 505 So.2d 670 (Fla. 5th DCA 1987), wherein the court ruled that conspiracy to traffic in cocaine is a first-degree felony.
Section 777.04, Florida Statutes (1991), defines the general offense of criminal conspiracy and provides that, “where no [other] express provision is made by law,” conspiracy to commit an offense shall be punished as a second-degree felony whenever the underlying offense is a first-degree felony.[1] Section *812 893.135, on the other hand, contains an “express provision” for punishment of conspiracy to traffic in cocaine:
[893.135] (b) 1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in S. 893.03(2)(a)4. or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as “trafficking in cocaine.”
[[Image here]]
(5) Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) is guilty of a felony of the first degree and is punishable as if he had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).
§ 893.135, Fla.Stat. (1991) (emphasis added).
In the present case, we note that Lee was not charged with violating subsection 893.135(5). Rather, the text of the information specifically charged that he “did unlawfully ... conspire ... to commit a criminal offense ... in violation of section 777.04(3), Florida Statutes.” Lee was thus charged with violating the general conspiracy statute, section 777.04, a second-degree offense, not the specific conspiracy to traffic in cocaine statute, section 893.135, a first-degree crime.[2] This is consistent with the information charging him with a “2ND DEGREE FELONY.”
This conclusion is further borne out by the fact that the jury was instructed on “CRIMINAL CONSPIRACY F.S. 777.04(3),” and was given no instruction whatsoever on criminal conspiracy under section 893.135. The jury returned a verdict finding Lee “GUILTY AS CHARGED IN COUNT 1 OF THE INFORMATION,” thus finding him guilty of violating section 777.04(3), a second-degree crime. Further, the record shows that all parties proceeded under the theory that Lee was charged with, and convicted of, violating the general conspiracy statute. The State initially conceded this point before the district court.
Accordingly, we conclude that Lee was charged with, and convicted of, violating section 777.04, a second-degree offense.
Based on the foregoing, we approve the result reached by the district court under the particular facts of this case.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. Section 777.04, Florida Statutes (1991), provides in relevant part, with emphasis added: 777.04 Attempts, solicitation, conspiracy, generally.—
(3) Whoever agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy and shall, when no express provision is made by law for the punishment of *812 such conspiracy, be punished as provided in subsection (4).
(4) Whoever commits the offense of criminal attempt, criminal solicitation, or criminal conspiracy shall be punished as follows:
[[Image here]]
(b) If the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree, the person convicted is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Section 893.135 was mentioned in the caption of the information apparently to facilitate application of section 777.04, which provides that conspiracy to commit a particular crime shall be punished at a level lower than the punishment for the underlying crime.