PER CURIAM.
In this cause appellant raises two issues, the first regarding the admission of hearsay evidence and the second arguing that the trial court erred in denying appellant’s request that the standard jury instruction on a lesser included offense be given. Because we reverse on the second issue and remand for new trial, we do not address the first issue.
Appellant was convicted as charged of lewd assault on a child under sixteen and was sentenced to three years in prison followed by twelve years’ probation. At the charge conference, appellant’s counsel requested that the court give the standard jury instruction on simple battery, a permissive lesser included offense to the charged crime. Stating that the request was untimely because it had not been submitted pre-trial and that the court was not required to give the instruction because battery is not a necessary lesser included offense, the trial court refused to give the requested instruction.
The determination of whether an instruction on a permissive lesser included offense should be given cannot be made by the trial court without considering the accusatory pleading and the supporting evidence at trial. See State v. Wimberly, 498 So.2d 929, 931 (Fla.1986). It is well-settled that “[a]n instruction on a permissive lesser included offense must be given ‘when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged.’ ” Amado v. State, 585 So.2d 282 (Fla.1991). In the instant case, appellant was entitled to the requested instruction, and the court’s failure to give the instruction is reversible error. Gainer v. State, 633 So.2d 480, 481 (Fla. 1st DCA 1994). The cause is remanded for new trial.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.