RYDER, Acting Chief Judge.
The state seeks review of an order arresting judgment as to the first degree felony offense of conspiracy to traffic in cocaine in violation of section 893.135(5), Florida Statutes (1993). Because the appellee failed to timely object prior to his post-verdict motion to arrest judgment, we reverse and direct the trial court to reinstate the first degree felony conviction and resentence accordingly. On cross-appeal, Mr. Duarte challenges the denial of his motion for judgment of acquittal, the admission of co-conspirator’s hearsay statements and the trial judge’s and prosecutor’s comments concerning the appellee’s ability to speak English. The evidence is, however, sufficient for the jury to conclude that he was a principal, and not minimally involved in the criminal offense. We, therefore, affirm the denial of the judgment of acquittal and also affirm the remaining issues raised on cross-appeal.
The heading of Count I in the information cited sections 777.04(3) and 893.135(l)(b)3.[1], Florida Statutes (1993), and described the offense as conspiracy to traffic in cocaine (400 grams or more), a first degree felony. The text of Count I charged that the appellee and his eodefendant “did knowingly agree, conspire, combine, or confederate between themselves or other diverse persons, as part of a continuing common scheme or plan, to commit a felony, to-wit: trafficking in Cocaine (400 grams or more), in derogation of Florida Statute 893.135(l)(b)(3)_”
After the jury rendered its verdict, appellee’s counsel for the first time suggested that the court look at the information. Ten days after the verdict was rendered, appellee’s counsel filed a motion to arrest judgment, citing State v. Lee, 647 So.2d 810 (Fla.1994).
In Lee, the court reversed a first degree felony conviction for trafficking in cocaine where the defendant was charged with a violation of sections “893.135 and 777.04 — 2nd degree felony.” Here, however, the appellee was charged with an offense described as a first degree felony. The text of the information in Lee charged that the defendant “did unlawfully ... conspire ... to commit a criminal offense ... in violation of section 777.04(3), Florida Statutes.” In contrast, the text of the instant information does not refer to section 777.04 and charges that the defendant conspired to commit the felony of trafficking in cocaine in violation of section 893.135(l)(b)(3). Moreover, the state conceded in Lee that all parties proceeded under the theory that the defendant was charged with, and convicted of, violating the general conspiracy statute. Here, the state has made no such concession.
“Any defect in an information is waived if an objection is not made timely as long as the information does not wholly fail to state a crime.” Williams v. State, 547 So.2d 710, 711 (Fla. 2d DCA 1989). The information here did not wholly fail to state a crime. We conclude that the appellee has waived any objection to the information, and, further, we distinguish Lee for the reasons discussed above. Accordingly, we reverse *1189 the order arresting judgment and direct the lower court to reinstate the first degree felony conviction and to resentence the appellee.
The appellee also contends that the lower court erred in denying him a judgment of acquittal based upon his minimal involvement in the negotiations based upon his ignorance of the English language and the confidential informant’s ignorance of the Spanish language. A review of the record shows, however, that the appellee’s involvement in the transaction went far beyond mere presence at the scene. Every aspect of the transaction involved the appellee’s assent. The price, quantity and quality issues raised by the confidential informant (Cl) were communicated by the coconspirator, Larusso, to the appellee. The appellee nodded his agreement or disagreement with price figures written down on a note pad. The appellee obtained the cocaine from his vehicle and was present while they cooked the cocaine to determine its potency. Larusso handed the cocaine to the appellee who, in turn, handed it to the Cl. There is sufficient evidence for a jury to conclude that the appellee was a principal, and the evidence is inconsistent in every instance with his reasonable hypothesis of innocence as merely a noninvolved Spanish-speaking aider and abettor. See LaPolla v. State, 504 So.2d 1353 (Fla. 4th DCA 1987). The jury may infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed. Herrera v. State, 532 So.2d 54 (Fla. 3d DCA 1988). An individual’s activities can overcome the absence of utterances. Munroe v. State, 514 So.2d 397 (Fla. 1st DCA), review denied, 519 So.2d 987 (Fla.1988). The evidence of the appellee’s presence at the transaction and his involvement in every aspect of the agreement clearly went beyond a showing of aiding and abetting. See Ford v. State, 592 So.2d 348 (Fla. 2d DCA 1992). We, therefore, affirm the lower court’s denial of the appellee’s motion for judgment of acquittal.
The appellee also assigns error in the admission of coconspirator’s hearsay statements. A court must rely upon independent evidence to prove a conspiracy, and each member’s participation in it, before admitting coconspirator hearsay statements. Romani v. State, 542 So.2d 984, 986 (Fla.1989). Here, the evidence showed prearranged transactions and deliveries of cocaine with the Cl and his cousin. The Cl asked Larusso and the appellee to obtain the cocaine. The appellee and Larusso discussed the request and the appellee retrieved the cocaine from his car. The appellee took part in cooking the cocaine, and he and Larusso negotiated the price with the Cl. The record reflects that substantial, competent evidence was adduced as to the existence of a conspiracy between the appellee and Larusso. The appellee actively participated in the conspiracy, and, therefore, the admission of coconspirator hearsay was proper. See Amado v. State, 563 So.2d 736, 737 (Fla. 2d DCA 1990), quashed on other grounds, 585 So.2d 282 (Fla.1991). In any event, the Cl’s firsthand testimony comprised most of the testimony linking the appellee to the conspiracy.
Turning to the final issue concerning the judge’s and prosecutor’s comments, we conclude that neither was so prejudicial as to deny the appellee a fair trial, nor did they taint the entire trial. See King v. State, 623 So.2d 486 (Fla.1993).
Reversed in part, affirmed in part and remanded for resentencing.
LAZZARA and BLUE, JJ., concur.

. The correct statute is section 893.135(l)(b)l.c., trafficking in cocaine, 400 grams or more. Section 893.135(5) defines the offense of conspiracy to commit an act prohibited by section 893.135(1) as a first degree felony.