WEBSTER, Judge.
Appellant seeks review of his conviction for possession of cocaine with intent to deliver. Because the trial court failed to give a requested instruction on the category 2 lesser-included offense of simple possession of cocaine, we reverse.
The state does not address the merits of appellant’s argument that he is entitled to a new trial because the trial court failed to give an instruction on simple possession of cocaine. It argues only that the issue is not preserved because his trial counsel “neither clearly made an objection nor clearly stated a legal basis for his initial objection.” We find no distinction of substance between the discussion regarding the requested instruction in this case and that in Gainer v. State, 633 So.2d 480 (Fla. 1st DCA 1994). Accordingly, as in Gainer, we conclude that the issue was adequately preserved.
On the merits, it is clear from the record that the information alleged all of the elements of simple possession, and the. evidence presented at trial could have supported a conviction for that offense. Accordingly, appellant was entitled to the instruction on request, and the failure to give *565 it constituted reversible error. Amado v. State, 585 So.2d 282 (Fla.1991); Gainer.
Appellant’s conviction for possession of cocaine with intent to deliver is reversed, and the case is remanded for a new trial on that charge. In light of our holding, we find it unnecessary to address the other issue raised by appellant.
REVERSED and REMANDED, with directions.
MICKLE and PADOVANO, JJ., concur.