THREADGILL, Judge.
The appellant, Juan A. Olea-Tejeda, challenges his judgment and sentence for trafficking in cocaine. He raises several issues; however, we address only his contention that the trial court erred in denying his request for a jury instruction on simple possession, as that issue is disposi-tive of the case. We reverse.
*430 In July 1996, the appellant was charged with trafficking in cocaine by sale or possession in violation of section 893.135, Florida Statutes (1995), after law enforcement officers found 42.2 grams of cocaine on his person, pursuant to a lawful stop and consensual search. At trial, the appellant stipulated to the quantity of cocaine and conceded that such was a trafficking amount, but claimed he had no idea that the package he was found carrying contained contraband of any kind. Thus, the only issue at trial was whether the appellant was in knowing possession of the subject cocaine. At the close of the evidence, the appellant requested a jury instruction on simple possession, as a permissive lesser included offense of trafficking by possession. The request was denied, and the jury thereafter found him guilty as charged. After being adjudicated and sentenced, the appellant filed a timely notice of appeal in this court, contending, among other things, that the trial court’s failure to give the simple possession instruction constituted reversible error.
In Amado v. State, 585 So.2d 282 (Fla. 1991), the supreme court expressly approved Essex v. State, 539 So.2d 559 (Fla. 4th DCA 1989), wherein it was held that a requested jury instruction on simple possession, as a permissive lesser included offense of trafficking by possession, must be given as an exercise of the doctrine of jury pardon. This is so, despite a stipulation to a trafficking amount of contraband. See id. Thus, according to Amado and Essex, the trial court in this instance erred in denying the appellant’s requested instruction on simple possession. This cause is therefore reversed and remanded for a new trial.
Reversed and remanded.
CAMPBELL, A.C.J., and SALCINES, J., Concur.