THOMPSON, J.
Christopher M. Wardell appeals his conviction for trafficking in hydrocodone.[1] He raises three points on appeal. First, he contends that the trial court erred in denying his motion to suppress items seized pursuant to a warrant. He argues that there was no probable cause and the facts supporting the affidavit for the warrant were stale. Second, he contends the trial court erred in denying his motions for a mistrial after an FDLE agent testified that Wardell possessed Oxycontin and morphine pills, which violated a pretrial stipulation. Finally, he contends the trial court erred in refusing to give an instruction on the lesser included offense of simple possession of hydrocodone. We find no merit in the first two arguments, but we conclude that the failure to give the requested jury instruction was error and reverse.
Wardell was charged with trafficking in 28 grams or more of oxycodone. The information against Wardell charged that he “did unlawfully and knowingly sell, manufacture, deliver, or bring into the State of Florida, or was in actual or constructive possession of 28 grams or more of any morphine, opium, oxycodone ... contrary to Florida Statute 893.135(l)(c)lc.”[2] He asked for a jury instruction on simple possession,[3] but the court refused, although it instructed the jury on the lesser amounts in section 893.135(l)(c).
*290 The case of Amado v. State, 585 So.2d 282 (Fla.1991), is on point. In Amado, the court explained that simple possession is not a necessary lesser included offense of trafficking under its decision in State v. Daophin, 533 So.2d 761 (Fla.1988). However, where the information charges trafficking by sale, manufacture, delivery, or possession, simple possession is a permissive lesser included offense. Amado, 585 So.2d at 282. Further, the court stated, an instruction on a permissive lesser included offense should be precluded only where there is a total lack of evidence of the lesser offense. Id. at 282-83. The court held that because there was no absence of such evidence in the case before it, the trial court erred in refusing to give an instruction on simple possession. The only controversy in the case regarding the weight of the drugs was whether they weighed 56 or 58 grams. Id. at n. ⅜. The court stated:
The fact that the evidence was overwhelming that the amount of drugs involved in this transaction exceeded twenty-eight grams does not preclude giving the instruction upon request. We still allow juries to convict on lesser offenses under our recognition of the jury’s right to exercise its “pardon power.” State v. Wimberly, 498 So.2d 929 (Fla.1986).
Id. at 283.
In Wardell’s case, there was no controversy about the amount of drugs he possessed and that it was greater than four grams, but under Amado, the conviction must be reversed for a new trial.
REVERSED and REMANDED, with instructions.
GRIFFIN and MONACO, JJ., concur.

. § 893.135(1)(c)1.c, Fla. Stat.

. Subsection 893.135 provides different penalties depending upon the amount of the drug involved: 4 grams or more, but less than 14 grams; 14 grams or more, but less than 28 grams; and 28 grams or more, but less than 30 kilograms.

.Section 893.13(6)(a) proscribes simple possession of a controlled substance unless it is obtained through a valid prescription.