941 So.2d 1263 (2006)
General Grant BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1088.
District Court of Appeal of Florida, First District.
November 22, 2006.
Nancy A. Daniels, Public Defender, and Hunter P. Pfeiffer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We summarily affirm all issues addressed by the lower court in its final order denying appellant's claims for relief under Florida Rule of Criminal Procedure 3.850. Because, however, the trial court did not address an additional claim alleged in appellant's supplemental motion, urging that the prison releasee reoffender statute is unconstitutional for the reason that it allows a sentence to be enhanced without factual findings by a jury, we remand the case to the trial court with directions for it to address the merits of that claim.[1]
CASE REMANDED.
ERVIN, BARFIELD, and POLSTON, JJ., Concur.
NOTES
[1] As to this issue, we note that the Florida Supreme Court has held that Florida's Prison Releasee Reoffender Act does not violate the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). See Gudinas v. State, 879 So.2d 616, 618-19 (Fla. 2004).