[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2009
THOMAS K. KAHN
CLERK

No. 08-15591
Non-Argument Calendar

_____

D. C. Docket No. 07-00056-CV-5-RS-AK

GENERAL GRANT BELL,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 18, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner General Grant Bell appeals <u>pro se</u> the district court's denial of his

28 U.S.C. § 2254 habeas petition. After review, we affirm.

## I. BACKGROUND

**A.     State Criminal Trial**

In October 2001, Bell was charged in Florida state court with (1) burglary of a dwelling while armed; (2) aggravated assault with a deadly weapon; (3) sexual battery; (4) first-degree arson; and (5) violation of an injunction. The first-degree arson count stated that Bell "did willfully and unlawfully . . . by fire or explosion, damage or cause to be damaged a dwelling . . . or its contents, located at or in the vicinity of 4092 Jackson Community Road." The evidence produced at trial follows.

Petitioner Bell and his wife, Sara Carline Bell, owned a home at 4092 Jackson Community Road. After they separated, Bell moved out of the house. On June 6, 2001 Sara Bell obtained a preliminary injunction prohibiting contact by Bell. The next day, June 7, 2001, Bell appeared at the home with a knife and forced Sara Bell to perform sexual acts.

Shortly thereafter, Bell's sister, Johnny Mae Peterson, arrived at the house. Sara Bell told her that Bell had a knife. Peterson helped Sara Bell take her four children out of the house and drove them to Sara Bell's mother's house, where Sara Bell called the police.

2

Sgt. Michael Ray Qualls responded to the call. When he and Sara Bell returned to the house, they saw smoke coming out. Sgt. Qualls called the fire department. While the fire was being put out, Bell arrived. Sgt. Qualls took him into custody. Bell told Sgt. Qualls that he did not know anything about the fire, but that he had been at the house earlier and had consensual sex with Sara Bell.

After the fire was out, Sara Bell entered the house to recover clothes for herself and her children. Sara Bell found that clothes from her closet had been piled in the middle of the floor and set on fire. The fire damaged much of her furniture. A fire investigator later testified that the fire was intentionally set in four areas of the house, including the living room couch, the mattress of a bunk bed in one bedroom, the foot of the bed in another bedroom and the mattress and a pile of clothing in the master bedroom.

Ten days after the fire, Bell called Sara Bell twice. During these telephone calls, which were recorded by law enforcement, Bell apologized to his wife. His wife asked him why he "burned the house." Bell responded, "[b]ecause I don't want to lose you." Bell also said he would help her rebuild if she dropped some of the charges against him. The government introduced the telephone recordings and photographs of the fire-damaged house.

After the government rested, the state trial court granted Bell's motion for a

3

directed verdict on the burglary count, but denied his motion as to the remaining counts. Bell rested without introducing any evidence.

During the charge conference, Bell's counsel requested jury instructions on the lesser-included offenses for sexual battery and aggravated assault counts. As to the first degree arson count, Bell's counsel stated that the lesser-included offenses were "arson of a structure; attempt; criminal mischief," but advised the court that he was not requesting an instruction on any of them. During closing arguments on the arson count, Bell's counsel argued that there was insufficient evidence to show that the fire was intentionally set and suggested the fire may have started due to faulty wiring or by Bell's children while they were unsupervised.

The jury convicted Bell of: (1) assault, a lesser-included misdemeanor for the charged offense of aggravated assault with a deadly weapon; (2) battery, a lesser-included misdemeanor for the charged offense of sexual battery; (3) first degree arson, as charged; and (4) violation of an injunction, as charged, also a misdemeanor. The state trial court sentenced Bell to time served on the three misdemeanors and to thirty years' imprisonment on the first degree arson conviction. On direct appeal, the Florida District Court of Appeal affirmed Bell's arson conviction and sentence. Bell v. State, 849 So. 2d 298 (Fla. Dist. Ct. App. 2003).

4

**B.     Rule 3.850 Evidentiary Hearing in State Court**

Bell filed a <u>pro se</u> motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.  Bell argued that his trial counsel was ineffective as to the arson conviction by failing to request a jury instruction on the lesser-included offense of criminal mischief.  At the Rule 3.850 evidentiary hearing, Bell testified that his trial counsel never consulted him about whether to submit a lesser-included offense jury instruction for the arson charge.

However, Bell's trial counsel, Floyd Griffith, testified that he did not request a jury instruction for the lesser-included offense of criminal mischief because he "felt that [he] would have a hard time arguing that someone intentionally damaged someone's property and there wasn't a fire."[1]  Griffith did not think the facts supported a criminal mischief jury instruction and that such an instruction would not have helped his argument that the fire was accidental.  Griffith explained that Bell's failure to deny starting the fire in the recorded telephone calls "boxed [defense counsel] in" in terms of what counsel could credibly argue to the jury.  In light of the trial evidence, Griffith chose to argue that the fire had "nothing at all to do with [Bell] or [was] an accident."

---

[1]Under Florida law, a person commits first-degree arson when he willfully damages a dwelling by fire or explosion, Fla. Stat. § 806.01(1)(a), and commits criminal mischief when he willfully and maliciously damages property belonging to another by any means, Fla Stat. § 806.13(1)(a).

5

On cross-examination, trial counsel Griffith explained that "fire fits arson, it doesn't fit criminal mischief." Because the state court would instruct the jury that "if the State hasn't proven the highest crime charged they should consider the next one and on down," Griffith believed he would have had "to convince the jury that the State had not proven that the dwelling was damaged by fire. Then you look at arson of [a] structure, then you look at criminal mischief."[2] Given the evidence at trial, Griffin did not think a jury logically could have found Bell guilty of criminal mischief.

After the hearing, the state court denied Bell's Rule 3.850 motion. The state court found that Bell's counsel, as a matter of trial strategy, chose not to request a jury instruction on a lesser-included offense for the arson charge because he felt the testimony the jury had heard would make it extremely difficult for counsel to argue the applicability of the lesser offenses without losing credibility with the jurors. The state court found that Bell's counsel had not requested a criminal mischief instruction "because one of the elements would require that he prove the property damaged belonged to another, and the evidence obviously showed the

_____

[2]See Sanders v. State, 946 So. 2d 953, 958 (Fla. 2006) (explaining that, although jury is instructed on lesser-included offenses, it is also instructed to consider them "only if it decide[s] that the main accusation has not been proved beyond a reasonable doubt" (quotation marks omitted)); Bufford v. State, 473 So. 2d 795, 796 (Fla. Dist. Ct. App. 1985) (upholding trial court's instruction to jury, in response to jury question regarding lesser-included offense, that it should find the defendant guilty of the highest offense the evidence supports).

dwelling belonged to the defendant. Instead the trial attorney chose to defend based on a theory that the cause of the fire was attributable to someone or something other than the defendant's intentional act." The state court noted that Bell's counsel's success in obtaining lesser-included offense convictions on the aggravated assault and sexual battery charges hinged on convincing the jury to question Sara Bell's credibility and that "[n]o such avenue was available to trial counsel on the arson charge." The state court concluded that Bell's ineffective assistance of counsel claim was without merit because "trial counsel's decision to not seek lesser included instructions was proper given the facts adduced at trial." The Florida District Court of Appeal summarily affirmed the denial of Bell's ineffective trial counsel claim. Bell v. State, 941 So. 2d 1263 (Fla. Dist. Ct. App. 2006).

## C.    Section 2254 Petition in Federal Court

In his pro se § 2254 petition, Bell again argued, inter alia, that his trial counsel was ineffective for failing to request a criminal mischief jury instruction. The magistrate judge issued a report ("R&R") recommending denial of Bell's § 2254 petition. The R&R concluded that the state court's ruling as to Bell's ineffective trial counsel claim was not contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The R&R agreed

7

with Bell's trial counsel's assessment that a criminal mischief instruction would have been inconsistent with the theory that the fire was accidental. The R&R also concluded that Bell had not shown a reasonable probability that the jury would have come to a different result on the arson count had the criminal mischief instruction been given.

The district court adopted the R&R and denied Bell's § 2254 petition. This Court granted a certificate of appealability on the issue of "[w]hether the district court erred [in] concluding that Bell's counsel was not ineffective for failing to request jury instructions on lesser-included offenses to first degree arson."

## II. DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d) forbids a federal court from granting habeas relief on claims that were previously decided in state court, unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[3]

---

[3]We review a district court's grant or denial of a § 2254 petition de novo, while the court's factual findings are reviewed for clear error. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). We also review de novo the district court's determination whether the state court acted contrary to clearly established federal law, unreasonably applied federal law or made

When a convicted defendant claims that his counsel's assistance was constitutionally ineffective, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001). Courts must be highly deferential in reviewing counsel's performance, and must apply the strong presumption that counsel's performance was reasonable. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

Our standard of review is "doubly deferential" when "a Strickland claim [is] evaluated under the § 2254(d)(1) standard . . . ." Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Id.

---

an unreasonable determination of fact. Hall v. Head, 310 F.3d 683, 690-91 (11th Cir. 2002).

9

(quotation marks omitted).

Under Florida law, a person is guilty of first-degree arson if he "willfully and unlawfully . . . by fire or explosion, damages or causes to be damaged . . . any dwelling, whether occupied or not, or its contents." Fla. Stat. § 806.01(1)(a). A person is guilty of criminal mischief when he "willfully and maliciously injures or damages by any means any real or personal property belonging to another." Fla Stat. § 806.13(1)(a). It is undisputed that criminal mischief may be a lesser-included offense of first degree arson in certain circumstances. See Moore v. State, 932 So. 2d 524, 528 (Fla. Dist. Ct. App 2006).

However, the state court applied Florida law, which divides lesser-included offenses in two categories: category 1 and category 2. Id. at 527. The state trial court must instruct the jury on all category 1 lesser-included offenses. See Hayes v. State, 564 So. 2d 161, 163 (Fla. Dist. Ct. App. 1990). The other felonies with which Bell was charged, sexual battery and aggravated assault with a deadly weapon, have category 1 lesser-included offenses. Thus, the trial court was required to, and did, instruct the jury on those offenses.

First degree arson, on the other hand, has no category 1 lesser included offenses. Criminal mischief is a category 2 lesser-included offense. The state court is required to give a category 2 lesser-included offense instruction upon

10

request, but only if the indictment or information alleges all the statutory elements of the lesser offense, and the evidence at trial established each of those elements. Jones v. State, 666 So. 2d 960, 963 (Fla. Dist. Ct. App. 1996); see also Amado v. State, 585 So. 2d 282, 282-83 (Fla. 1991).[4]

The state court concluded that Bell's counsel's decision not to request the criminal mischief instruction was a matter of reasonable trial strategy. Griffith, Bell's trial counsel, testified that he chose not to request a criminal mischief instruction because that offense required a showing of intent (the damage must be done maliciously and willfully), which was inconsistent with his argument to the jury on the first-degree arson charge that the government had not proven that the fire was intentional, rather than accidental. Griffith further explained that he could not credibly argue for a criminal mischief conviction given the evidence presented to the jury. Bell has not shown that the state court's conclusion that this was sound trial strategy is an unreasonable application of the Strickland standard. This is especially true given that Strickland requires the court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[4]Under Florida law, second degree arson – arson of a structure – is also a lesser-included offense of first degree arson. Although Bell argued in his Rule 3.850 proceedings in Florida state court and in his § 2254 petition that his trial attorney should have requested a second degree arson instruction, Bell does not make this argument on appeal to this Court and thus has abandoned it. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

11

professional assistance." See Strickland, 466 U.S. at 689, 104 S. Ct. at 2052. Under Strickland, "strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." Id. at 690, 104 S. Ct. at 2066.[5]

In any event, the state court noted that the other felony charges (aggravated assault with a deadly weapon and sexual battery), for which lesser-included offense instructions were given, hinged on Sara Bell's credibility. The arson charge did not. Sgt. Qualls testified that he returned to the house with Sara Bell and saw smoke. A fire investigator testified that the fire was intentionally started in four different areas of the house. In the recorded phone calls with Sara Bell, Bell did not deny setting the house on fire when his wife asked him why he did it. In other words, even if the state trial court had agreed to give the criminal mischief instruction, Bell has not shown that the jury probably would have convicted him of

---

[5]The state court also concluded that trial counsel's decision not to request the criminal mischief instruction was not unreasonable given the evidence presented at trial. Under Florida law, a criminal mischief offense requires that a defendant willfully and maliciously injure or damage property "belonging to another." Fla. Stat. § 806.13(1)(a). The criminal information against Bell alleged that the dwelling at 4092 Jackson Community Road belonged to Sara Bell and that Bell damaged the dwelling and its contents. However, at trial Sara Bell testified that she and Bell actually owned the home together. Thus, the trial evidence did not support a criminal mischief charge based on the damage to the house. We recognize that Bell points to the burned clothes found in a pile in the master bedroom, which Sara Bell testified were hers. However, the criminal information against Bell did not allege who owned the contents of the dwelling, much less who owned the clothes burned in the bedroom. Thus, the criminal information against Bell did not contain one of the required elements of criminal mischief and did not support a criminal mischief charge based on the damage to Sara Bell's clothes.

criminal mischief rather than first degree arson.  Cf. Sanders v. State, 946 So. 2d 953, 959-60 (Fla. 2007) (concluding that "[t]he possibility of a jury pardon cannot form the basis for finding prejudice" under Strickland when a defendant claims ineffective assistance resulting from counsel's failure to request a lesser-included offense instruction).  Under these circumstances, the state court reasonably could conclude that Bell had not shown a reasonable probability of a different outcome had his counsel requested the criminal mischief instruction.  See Strickland, 466 U.S. at 694, 104 S. Ct. 15 at 2068.

In sum, Bell has not shown that the state court's decision rejecting his ineffective trial counsel claim was contrary to or an unreasonable application of Strickland or other established federal law.  Accordingly, we affirm the district court's denial of Bell's § 2254 habeas petition.

**AFFIRMED.**