ALLEN LOWE, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. Where defendant in a criminal case interposes a demurrer
   to the State's evidence which is in parol and almost whol-
   ly circumstantial, and no part of the testimony
   is reduced to writing, no specific facts are admitted upon
   the record and the State Attorney does not join in such
   demurrer, the court should decline to consider it; but if
   the court does consider and overrules it, and defendant
   is afterwards permitted to interpose evidence in his de-
   fense, the error in overruling, instead of declining to
   consider the demurrer, is without injury, and will con-
   stitute no ground for reversing the judgment of convic-
   tion entered upon the verdict of the jury.

2. A taking by the voluntary consent of the owner or his au-
   thorized servant or agent, even though with a felonious
   intent, does not constitute larceny.

3. Where the criminal design to steal originates with the ac-
   cused, and the owner of the property stolen does not in
   person or by an agent or servant suggest the design, nor
   actively urge the accused on to the commission of the
   crime, the mere fact that such owner, suspecting that the
   accused intends to steal his property, in person or through
   an agent or servant exposes the property, or neglects to
   protect it, or furnishes facilities for the execution of the
   criminal design under the expectation that the accused
   will take the property or avail himself of the facilities
   furnished, will not in law amount to a consent to the
   taking, even though the agent or servant of such owner by
   his instructions appears to co-operate in the execution of
   of the crime.

4. Evidence examined and found insufficient to support the
   verdict.

29 S C

Writ of error to the Circuit Court for DeSoto county.

The facts of the case are stated in the opinion of the court.

*Stevens & Phillips,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

Plaintiff in error was at the fall term, 1899, of the Circuit Court of DeSoto county indicted for the larceny of a cow, the property of one Durrance. At the Fall term, 1901, a trial was had resulting in a verdict against the defendant. From the sentence imposed he has taken writ of error to the present term of this court, and assigns as error the rulings of the court upon his demurrer to evidence and motion for a new trial, each of which were overruled, and exceptions noted.

1. The demurrer was interposed at the close of the State's testimony which was in parol and almost wholly circumstantial. It nowhere appears that the State Attorney joined in or argued the demurrer. No part of the testimony was reduced to writing until long after the trial of the case, and then only by being incorporated in the bill of exceptions. The demurrer was general, nothing was reduced to writing, no specific facts were admitted upon the record, and there was no joinder in demurrer. Under these circumstances the court should have declined to consider the demurrer, but as the defendant was afterwards permitted to introduce evidence in his defence no injury resulted to him from the action of

the court overruling the demurrer which should not have been considered at all. Holland v. State, 39 Fla. 178, 22 South. Rep. 298.

2. The motion for a new trial was based upon various grounds questioning the sufficiency of the evidence to support the verdict, the propriety of certain charges given, the refusal to give certain instructions requested, and certain rulings upon the admissibility of testimony. The only grounds of the motion argued in the briefs filed here are those relating to the sufficiency of the evidence to support the verdict, and, therefore, in accordance with the practice prevailing in this court, we shall express no opinion upon the questions presented by those grounds of the motion which have not been argued.

The court has carefully considered the evidence as exhibited in the bill of exceptions, and while the writer is of opinion that it is sufficient to sustain the verdict, the other members of the court are of a different opinion, and hold that the Circuit Court ought to have granted the motion for a new trial because of the insufficiency of the evidence to support the verdict. As a new trial is awarded it is deemed proper to withhold any comments on the evidence.

Some testimony was given at the trial, which the defendant contends proves that Durrance through certain agents consented to and arranged for the taking of his property by defendant (if it was taken by him), and therefore no larceny was committed. The authorities are abundant and the law unquestioned, that a taking by the voluntary consent of the owner of his authorized servant or agent, even though with a felonious intent, does not constitute larceny. But where the criminal design originates with the accused, and the owner does not in person

or by an agent or servant suggest the design nor activity urge the accused on to the commission of the crime, the mere fact that such owner suspecting that the accused intends to steal his property in person or through a servant or agent exposes the property or neglects to protect it or furnishes facilities for the execution of the criminal design under the expectation that the accused will take the property or avail himself of the facilities furnished, will not amount to a consent in law even though the agent or servant of such owner by his instructions appears to co-operate in the execution of the crime.  1 Bishop's New Crim. Law, Sec. 262; Alexander v. State, 12 Texas, 540; Dodge v. Brittain, Meigs (Tenn.) 84. See, also, note to Connor v. State, 25 L. R. A. 341.

This statement of the law is deemed sufficient to guide the court below upon another trial without the expression of an opinion as to whether the testimony alluded to was sufficient to prove Durrance's consent to the taking of his property.

For the error found, the judgment of conviction is reversed, and a new trial awarded.