PEARSON, Judge.
The appellant, as plaintiff in the trial court, suffered a summary final judgment in favor of the defendant insurance company. It appears without controversy that plaintiff’s vessel was lost while under a *603 valid charter. The policy under which plaintiff claimed coverage has two exceptions which are applicable to the loss of the vessel. The first was that the policy excluded coverage of loss resulting from infidelity of persons to whom the insured property was entrusted. The second exception was that the policy had geographic limitations, which were exceeded here by the charterer.
The plaintiff urges that the summary judgment was improperly entered due to the fact that its theory that it was entitled to recovery because the charterer intended to steal the vessel was not disproved. Our view of the record convinces us that the trial judge correctly determined that the question of the charterer’s intent at the time he took possession of the vessel is not a governing factor. The crime of larceny is not committed where the property is taken with the full knowledge and consent of the owner or his authorized agent. See Lowe v. State, 1902, 44 Fla. 449, 32 So. 956; Youngker v. State, Fla.App.1968, 215 So.2d 318. However, “. . . one who obtains possession of personal property by a trick, device or fraud with intent to appropriate the property to his own use, the owner or custodian intending to part with possession only, commits larceny when he subsequently appropriates it.” Fitch v. State, 1938, 135 Fla. 361, 185 So. 435. Assuming that the charterer made fraudulent misrepresentations in order to gain possession of the vessel, then there may well be an issue as between the appellant, Mariner Charters, Inc., and the charterer in terms of larceny. However, as between the appellant and the appellee insurer, we find that the provisions of the insurance policy negate any possibility that appellant was protected against this kind of larceny. We note that the vessel in question here was under a lawful charter at the time it was lost in the charterer’s possession. We also note that under exclusion 8(i), the policy did not insure against loss caused by, or resulting from, “infidelity of persons to whom the insured property is entrusted except carriers for hire, operators of marinas or marine repairers.” Upon the strength of this exclusion, we believe that the insurer is free of liability in those situations where the charter company is induced by false representations, trick, fraud or the like, to charter its vessel to someone who has the previous intent to misappropriate the vessel. See generally Balogh, Inc. v. Pennsylvania Millers Mutual Fire Insurance Co., 307 F.2d 894 (5th Cir. 1962). Therefore, we find no reversible error under appellant’s point claiming a genuine issue of material fact.
Appellant’s remaining points, which attacked procedural rulings of the trial court at the time of the hearing on defendant’s motion, have been examined and found not to show reversible error.
Affirmed.