401 So.2d 1159 (1981)
Lawrence Edris QUARTERMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1888.
District Court of Appeal of Florida, Third District.
August 4, 1981.
Bennett H. Brummer, Public Defender, and Gerald D. Hubbart, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
We reject the argument presented by defendant Quarterman in which he asks us to hold that when reporter Clarence Jones parked an old car on Interstate-95 in order to film the car during its anticipated theft he consented to the taking. In Lowe v. State, 44 Fla. 449, 32 So. 956, 957 (1902), the court disposed of a similar contention by stating:
[A] taking by the voluntary consent of the owner, or his authorized servant or agent, even though with a felonious intent, does not constitute larceny. But where the criminal design originates with the accused, and the owner does not, in person or by an agent or servant, suggest the design, nor actively urge the accused on to the commission of the crime, the mere fact that such owner, suspecting that the accused intends to steal his property, in person or through a servant or agent, exposes the property, or neglects to protect it, or furnishes facilities for the execution of the criminal design, under the expectation that the accused will take the property or avail himself of the facilities furnished, will not amount to a consent in *1160 law, even though the agent or servant of such owner by his instructions appears to cooperate in the execution of the crime. 1 Bish. New Cr. Law, § 262; Alexander v. State, 12 Tex. 540; Dodge v. Brittain, [19 Tenn.] Meigs, 84. See, also, note to Connor v. People (Colo.Sup.) [18 Colo. 373] 33 P. 159, 25 L.R.A. 341, 36 Am.St.Rep. 295.
We agree.
Affirmed.