PER CURIAM.
The state appeals from an order granting the defendant’s motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse.
Investigator Jiles of the Polk County Sheriff’s Department and an undercover agent sold property to the defendant for the price of $100. Although they informed him that the property was “hot,” the defendant gave the officers money in exchange for the property. Thereafter the defendant was charged with violating section 812.014, Florida Statutes (1981), in that he:
knowingly did obtain or use or endeavor to obtain or endeavor to use certain property, to-wit, firearms, cassette player, CB radio, stereo and wire wheel covers, the property of Investigator Jiles of the Polk County Sheriff’s Department, as custodian for the Polk County Sheriff’s Department, with intent to appropriate said property to his own use or to the use of a person not entitled thereto, said property then and there being of the value of One Hundred Dollars ($100) or more, in violation of Section 812.014, Florida Statutes.
The defendant filed a motion to dismiss the information alleging that Investigator Jiles, as owner or authorized agent of the property, voluntarily consented to the taking of the property. The defendant maintained that because the taking was by the voluntary consent of the owner, he could not have been properly charged under the theft statute. The trial court granted the defendant’s motion to dismiss.
In 1977 the Florida legislature enacted sections 812.012-812.037, Florida Statutes (1977), known as the Anti-Fencing Act. This comprehensive act replaced the former statutes dealing with the offenses of common law larceny, embezzlement, and obtaining property by false pretenses. 16 Fla. Jur.2d Criminal Law §§ 1374, 1375. The statute dealing with theft is section 812.014, Florida Statutes (1981), and provides:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
Section 812.012, Florida Statutes (1981), defines “property of another” as:
property in which a person has an interest upon which another person is not priv *1342 ileged to infringe without consent, whether or not the other person also has an interest in the property.
From this definition the trial court reasoned that the element of consent had been “resurrected” as a defense to the Anti-Fencing Act. The court then focused on section 812.028(3), Florida Statutes (1981), the provision for defenses, which provides that in a theft prosecution the accused cannot defend on the basis that the property that was offered for sale as stolen property had not actually been stolen. In reading these two sections together the court concluded that an ambiguity existed in that nonconsent had to be proven as an element of theft, and yet consent was statutorily excluded as an affirmative defense. Because of the ambiguity, the court granted defendant’s motion to dismiss.
We hold that there is no ambiguity in the theft statutes, and the trial court erred in granting the defendant’s motion to dismiss the information.
In the definition of “property of another” as used in the theft statute, the trial court correctly indicated that consent is a defense to a charge of theft. However, there is no consent, and therefore it is not a defense to a prosecution, if a law enforcement officer solicits a person predisposed to engage in conduct in violation of any provision of the Anti-Fencing Act, in order to gain evidence against him, provided that such solicitation would not induce an ordinary law-abiding citizen to violate the act. § 812.028(4), Fla. Stat. (1981).
The legislature codified the particular situation we are faced with in the instant case in section 812.028. The section specifically provides:
812.028 Defenses precluded. — It shall not constitute a defense to a prosecution for any violation of the provisions of ss. 812.012-812.037 that:
(1) Any strategem or deception, including the use of an undercover operative or law enforcement officer, was employed.
(2) A facility or an opportunity to engage in conduct in violation of any provision of this act was provided.
(3) Property that was not stolen was offered for sale as stolen property.
(4) A law enforcement officer solicited a person predisposed to engage in conduct in violation of any provision of ss. 812.012-812.037 in order to gain evidence against that person, provided such solicitation would not induce an ordinary law-abiding person to violate any provision of ss. 812.012-812.037.
A plain reading of the statute makes it clear that consent is not a defense in a situation like the instant case. See State v. Dickinson, 370 So.2d 762 (Fla.1979).
In State v. Dickinson, the Supreme Court of Florida in upholding the constitutionality of the Anti-Fencing Act, held that the constitution does not prohibit an officer from providing an opportunity for a person who has the willingness and readiness to break the law. In citing to the United States Supreme Court case of United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Florida Supreme Court recognized that there are circumstances when the use of deceit is the only practicable law enforcement technique available. However, it is unlawful when a law enforcement officer’s conduct is of a kind that would induce the commission of a crime by one not willing to commit it.
In Lowe v. State, 44 Fla. 449, 32 So. 956 (1902), the court held that the taking by the voluntary consent of owner, or his authorized agent, does not constitute larceny. However, where the owner or agent fully exposes the property, under the expectation that the accused will take the property, it will not amount to a consent in law:
The authorities are abundant and the law unquestioned, that a taking by the voluntary consent of the owner or his authorized servant or agent, even though with a felonious intent, does not constitute larceny. But where the criminal design originates with the accused, and the owner does not in person or by agent or servant suggest the design nor activity [sic] urge the accused on to the commission of the crime, the mere fact that such owner suspecting that the accused intends to *1343 steal his property in person or through a servant or agent exposes the property or neglects to protect it or furnishes facilities for the execution of the criminal design under the expectation that the accused will take the property or avail himself of the facilities furnished, will not amount to a consent in law even though the agent or servant of such owner by his instructions appears to cooperate in the execution of the crime.
Id. at 451-452, 32 So. 956.
Similarly, in Quarterman v. State, 401 So.2d 1159 (Fla. 3d DCA 1981), the court held that a reporter, in parking an old car on the highway for the purpose of filming the ear during an anticipated theft, did not consent to the taking of the vehicle. The Third District Court of Appeal in citing to the Lowe decision made clear that furnishing a facility for the execution of a criminal design under the expectation that the accused will take the property will not amount to a consent in law.
The defendant in the instant case had been provided with an opportunity to purchase property which he personally believed was stolen. There is no dispute that the defendant knowingly purchased the property with this belief. The fact that the property offered for sale as stolen property was not stolen, is not a valid defense. § 812.-028(3). Section 812.028 has been drafted to provide law enforcement officers with a tool to break up theft rings. As the supreme court has stated, there is no constitutional prohibition against a law enforcement officer providing the opportunity for a person who has the willingness to break the law. State v. Dickinson.
Accordingly, the order below dismissing the information against the defendant is hereby reversed and this cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.