652 So.2d 400 (1995)
Karen DERANGER, a/k/a Karen Ware, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01600.
District Court of Appeal of Florida, Second District.
February 15, 1995.
Rehearing Denied March 27, 1995.
Ronald N. Toward, Bartow, for appellant.
*401 Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Karen Deranger appeals her convictions and sentences for three counts of grand theft and for exploitation of an aged person under section 415.111(5), Florida Statutes (1991). We reverse the conviction for exploitation and affirm the convictions for grand theft. We remand for resentencing on the grand theft convictions.
The victim, now deceased, was an elderly man who lived with his bedridden wife. Ms. Deranger testified that she met him around 1980 when she was nineteen years old and worked as a topless dancer in Orlando. They had an intimate relationship, and he gave her money and other gifts for her companionship. Sometime during this relationship, she married Robert Ware, and with her husband's knowledge and consent, continued to have an intimate relationship with the victim.
By 1990, the victim was exhibiting symptoms of reduced mental capacity. Between December 20, 1989, and August 24, 1991, the victim gave Ms. Deranger or Mr. Ware forty-six checks totaling $67,961. Many of these checks were deposited into their joint account. Ms. Deranger maintained that these checks were paid in exchange for her promise to take care of the victim in the future.
As a result of these events, Ms. Deranger was charged with and found guilty of three counts of grand theft and one count of exploitation of the aged.[1] The trial court sentenced Ms. Deranger to 3 1/2 years' imprisonment for exploitation and to three consecutive terms of probation, totalling 25 years for the counts of grand theft.
The supreme court has recently held section 415.111(5), Florida Statutes (1991), unconstitutionally vague. Cuda v. State, 639 So.2d 22 (Fla. 1994). Accordingly, we must reverse the conviction for exploitation.
Ms. Deranger argues that there is insufficient evidence of theft because the victim signed the checks and gave them to her. In the alternative, she argues that the checks are merely circumstantial evidence of theft and do not overcome her reasonable hypothesis of innocence, i.e., that the checks were payment for future services. We disagree.
It is true, under the common law and early larceny statutes, that a taking by voluntary consent of the owner, even though with felonious intent, did not constitute larceny. Lowe v. State, 44 Fla. 449, 32 So. 956 (1902). The owner's consent to give property to a defendant may also place the transfer outside the ambit of the current theft statute. Quarterman v. State, 401 So.2d 1159 (Fla. 3d DCA 1981); see also J.L. v. State, 566 So.2d 1383 (Fla. 1st DCA 1990) (juvenile's honest but mistaken belief that she had permission to use vehicle required acquittal on theft charge). However, a person commits theft by knowingly obtaining or using another's property with the intent to appropriate the property to his or her own use or to the use of another. § 812.014(1)(b), Fla. Stat. (1991). One "obtains or uses" property by taking the property or by obtaining it through fraud, willful misrepresentation of a future act, or false promise. § 812.012(2), Fla. Stat. (1991). The victim's nonconsent to a transfer of property can be proven by circumstantial evidence. Bowles v. State, 153 Fla. 219, 14 So.2d 269 (1943). That proof may include evidence that the defendant knew the victim lacked the mental capacity to consent to the taking of his or her property. Id.
In this case, Ms. Deranger clearly appropriated the victim's property to her own use. The evidence of the victim's failing mental status, especially in conjunction with the unusual number of sizable checks to Ms. Deranger and her husband over an extended span of time, was sufficient to permit a jury to find that the transfers constituted theft. State v. Law, 559 So.2d 187 (Fla. 1989). Accordingly, we affirm Ms. Deranger's grand theft convictions. Because the reversal of the conviction for exploitation affects the defendant's *402 scoresheet, we reverse and remand for resentencing on the grand theft counts.
Affirmed in part, reversed in part, and remanded for resentencing.
RYDER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] Mr. Ware was also convicted of similar crimes. He has a separate appeal. Ware v. State, 652 So.2d 402 (Fla. 2d DCA 1995).