666 So.2d 960 (1996)
Larry JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2398.
District Court of Appeal of Florida, Third District.
January 10, 1996.
*962 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Wanda Raiford and Michael J. Neimand, Assistants Attorney General, for appellee.
Before HUBBART and JORGENSON and COPE, JJ.
HUBBART, Judge.
This is an appeal by the defendant Larry Jones from a final judgment of conviction and sentence for grand theft of a motor vehicle which was entered below based on an adverse jury verdict. The central question presented for review is whether it was reversible error for the trial court, based on this record, to refuse to instruct the jury, at the defendant's request, on the category 2 permissive lesser included offense of trespass in a conveyance. Because (1) a jury instruction on a category 2 permissive lesser included offense [i.e., trespass in a conveyance in this case] does not lie unless all the statutory elements of the lesser offense are alleged in the indictment or information, and (2) one of the statutory elements of trespass in a conveyance was not alleged in the information on which the defendant was tried below, we conclude that the trial court committed no reversible error in refusing to give a jury instruction on this lesser offense. We further conclude that no reversible error is shown by the remaining points on appeal raised by the defendant, and, accordingly, we affirm.

I
The defendant Larry Jones was charged by information with the third-degree felony of grand theft of a motor vehicle [§ 812.014(1), (2)(c)(4), Fla. Stat.(1991)]. The state's evidence at trial tended to show that on September 2, 1992, in the late evening hours, the complainant Shirley Byrd drove her car to one of the dog tracks in Dade County; she thereafter visited the track for about half an hour. When she was ready to leave the area, she discovered that her car was missing and reported it to the police as stolen.
The next day in the late afternoon hours, Officer Luis Condom of the Miami Police Department was traveling in his squad car in north Dade County when he observed a car run a red light; this car later turned out to be the car stolen the previous day from Shirley Byrd. Officer Condom pursued, noticed that the car's vent window was broken out, ran a radio check on the car's license number, and learned that the car was stolen. After some back-up police cars arrived to assist, Officer Condom stopped the stolen car and discovered that the defendant was the driver, the steering column of the car had been badly damaged, and there was also a passenger, Jaime Ramon, in the front seat.
Officer Condom then ordered both the defendant and the passenger out of the stolen car. Upon exiting the car, the defendant was patted down, handcuffed and placed in the back of the police car by Officer Condom; another officer took custody of the passenger. Officer Condom testified at trial that, while in the back of the police car, the defendant orally admitted that he knew the car was stolen because of the damage to the car.
At trial, the defense called Reginald Allen as a witness who testified that he was with the defendant earlier in the day prior to the defendant's arrest. He stated that he saw Jaime Ramon [the passenger in the car at time of arrest] drive up in the car [which was, in fact, the stolen car involved in this case] and state, in the defendant's presence, that the car belonged to Ramon's boss and that he [Ramon] was doing some mechanical work on it. Ramon then drove Allen and the defendant to Allen's place of employment where Allen got out of the car. Another defense witness confirmed that Ramon had driven the subject car to the defendant's *963 house and had a conversation with the defendant. Based on this testimony, the defendant argued for an outright acquittal below because he allegedly did not know that the car was being driven without the owner's permission and had no knowledge it was stolen.
During the jury charge conference at trial, the defendant requested that the trial court charge the jury on the lesser offense of trespass in a conveyance [§ 810.08(1), Fla. Stat. (1991)], a second-degree misdemeanor; the trial court refused the requested instruction. The defendant was thereafter convicted by the jury as charged; the trial court adjudicated the defendant guilty of grand theft of a motor vehicle, sentenced him to five years in the state penitentiary, and ordered him to pay the complainant $866.24 in restitution. The defendant appeals.

II
This court has, in effect, held that the misdemeanor of trespass in a conveyance [§ 810.08(1), Fla. Stat. (1991)] is a category 2 permissive lesser included offense within the charged offense of grand theft of a motor vehicle [§ 812.014(1), (2)(c)(4), Fla. Stat. (1991)].[1] By definition, a category 2 permissive lesser included offense is an offense "which [m]ay or [m]ay not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at trial." Brown v. State, 206 So.2d 377, 383 (Fla. 1968). Unlike a category 1 necessarily included offense, "such lesser offense is not an essential ingredient of the major offense" charged, in that its statutory elements are not entirely subsumed within the statutory elements of the major [charged] offense. Brown v. State, 206 So.2d at 383. Such an offense is, therefore, "the same as a [category 1] necessarily included offense except that it contains one or more [additional] statutory elements which the charged offense does not contain." Nurse v. State, 658 So.2d 1074, 1077 (Fla. 3d DCA 1995) In order to qualify, however, as a proper category 2 permissive lesser included offense, the indictment or information must allege all the statutory elements of the subject lesser offense, and the evidence at trial must establish each of these elements. Brown; Nurse.

A
The charged offense in this case is the third-degree felony of grand theft of an automobile proscribed by Section 812.014(1), (2)(c)(4), Florida Statutes (1991), which provides as follows:
"(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
....
(2)(c) It is grand theft of the third degree and a felony of the third degree ... if the property stolen is:
....
4. A motor vehicle."
Section 812.012(2), Florida Statutes (1991), defines the term "obtains or uses," as employed in the above statute, as follows:
"(2) `Obtains or uses' means any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
(c) Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
(d) 1. Conduct previously known as stealing; larceny; purloining; abstracting; embezzling; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud or deception; or
2. Other conduct similar in nature."
*964 Based on the above statutes, it is clear that there are three essential elements to the felony of grand theft of a motor vehicle: (1) the knowing and unlawful obtaining or use, or the knowing and unlawful endeavor to obtain or use, (2) the motor vehicle of another, (3) with intent to either temporarily or permanently (a) deprive the owner or lawful possessor of the motor vehicle of a right to the vehicle or a benefit from it, or (b) appropriate the motor vehicle to the accused's own use or to the use of any person not entitled to it.
The lesser second-degree misdemeanor offense of trespass in a conveyance is proscribed by Section 810.08(1), Florida Statutes (1991), which provides as follows:
"Whoever, without being authorized, licensed, or invited, willfully enters or remains in any ... conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a ... conveyance."
Section 810.011, Florida Statutes (1991), defines the term "conveyance" in the above statute to include "any motor vehicle." Based on the above statutes, it is clear that there are three statutory elements of trespass in a conveyance: (1) the willful entry or remaining, (2) in a conveyance [motor vehicle] of another, (3)(a) without being authorized, licensed or invited to enter or remain in the conveyance by the owner or lessee or a person authorized by the owner or lessee of the conveyance, or (b) after having been so authorized, licensed or invited to enter or remain in the conveyance, refusing to comply with a warning by the owner, lessee or a person authorized by the owner or lessee to depart the conveyance.
It is plain that the second and third elements of trespass in a conveyance, namely, (2) the conveyance [or motor vehicle] of another, and (3) lack of consent, are subsumed in the elements of grand theft of a motor vehicle. Indeed, both offenses expressly contain the element of a conveyance [or motor vehicle] of another, as the protected property; and the offense of grand theft of a motor vehicle implicitly embraces lack of consent by the owner or lawful possessor of the motor vehicle, an express element of trespass in a conveyance, because consent is an affirmative defense to the crime of theft, otherwise lack of consent is presumed. State v. Wynn, 433 So.2d 1341, 1342 (Fla. 2d DCA 1983); see also Quarterman v. State, 401 So.2d 1159 (Fla. 3d DCA 1981).
There is, however, one element which trespass in a conveyance has that grand theft of a motor vehicle does not have, to wit: the willful entry or remaining [in the conveyance or motor vehicle]. Grand theft of a motor vehicle requires that the accused "obtain[] or use[]" the motor vehicle [or "endeavor[]" to do so], but does not require an actual entry or remaining in the vehicle.[2] This being so, trespass in a conveyance is, as we have held, a category 2 permissive lesser included offense of the greater or charged offense of grand theft of a motor vehicle. M.F.; G.C.

B
It is well settled that a properly requested jury charge on a category 2 permissive lesser included offense must be given if two requirements are met: (1) the indictment or information must allege all the statutory elements of the permissive lesser included offense, and (2) there must be some evidence adduced at trial establishing all of these elements. As stated in the leading case of Brown v. State, 206 So.2d 377, 383 (Fla. 1968), a category 2 permissive lesser included offense
"[m]ay or [m]ay not be included in the offense charged, depending upon (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information [or indictment] to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is [n]ot an [e]ssential ingredient of the major offense alleged. If the accusation is present, then *965 the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present, then there should be a charge on the lesser offense."
Moreover, it would appear that the trial court must, upon proper request, charge the jury on a category 2 permissive lesser included offense even though the evidence adduced at trial establishing this lesser offense also establishes the charged offense; this is so because the jury is privileged on this evidence to exercise its de facto pardon power and acquit the defendant on the charged offense, but convict the defendant on the lesser offense. Amado v. State, 585 So.2d 282 (Fla. 1991).[3]

III
Turning to the instant case, we have no trouble in concluding that a jury charge *966 on the category 2 permissive lesser included offense of trespass in a conveyance did not lie in this case. This is so because the information on which the defendant was tried does not allege all the statutory elements of trespass in a conveyance; in particular, the information fails to allege that the defendant willfully entered or remained in the complainant's motor vehicle, an essential element of trespass in a conveyance. The information states as follows:
"Larry Jones, on or about September 03, 1992, in the County and State aforesaid, did knowingly, unlawfully and feloniously obtain or use or did knowingly, unlawfully and feloniously endeavor to obtain or to use a motor vehicle, the property of Shirley Bird as owner or custodian, with the intent to either temporarily or permanently deprive the said Shirley Byrd of a right to the property or a benefit therefrom, or to appropriate the same to said defendant's own use or to the use of a person not entitled thereto, in violation of s. 812.014(1), (2)(c), Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida." (emphasis added).
Indeed, the information simply tracks the language of the statute proscribing grand theft of a motor vehicle [§ 812.014(1), (2)(c)(4), Fla. Stat. (1991)], which statute lacks the element of willful entry or remaining in the complainant's motor vehicle. The allegation that the defendant "did ... obtain or ... use a motor vehicle," as previously explained, does not constitute an allegation that the defendant "enter[ed] or remain[ed]" in the vehicle.
Although we agree that the evidence adduced by the state at trial clearly established all the statutory elements of trespass in a conveyance [albeit that this same evidence also established all the elements of grand theft of a motor vehicle] so that the offense of trespass in a conveyance was "supported by the evidence," Fla.R.Crim.P. 3.510(b),[4] this alone was insufficient to require a jury charge on trespass in a conveyance as a category 2 permissive lesser included *967 offense. As required by Brown, all the statutory elements of a category 2 permissive lesser included offense must also be alleged in the information to require a jury charge on such a lesser offense; this requirement is not met in this case. Accordingly, the trial court correctly denied the defendant's request for a jury charge on trespass in a conveyance.[5]
We find no merit in the remaining points on appeal raised by the defendant, and, therefore, the final judgment of conviction and sentence under review is, in all respects,
Affirmed.
JORGENSON, J., concurs.
COPE, Judge (specially concurring).
For the reasons stated in the majority opinion, I concur that the requested instruction on the permissive lesser included offense was properly denied.
I respectfully disagree with the interpretation of Florida Rule of Criminal Procedure 3.510 which is advanced in footnotes three and four.[6] The issue raised in footnotes three and four has been addressed by the Florida Supreme Court on several occasions. An instruction on a lesser included offense is to be given if supported by the evidence, even though the same evidence, if believed by the jury, would also prove the defendant guilty of the greater crime.
In 1981 Florida Rule of Criminal Procedure 3.510 was amended to read as follows:
Rule 3.510. Determination of Attempts and Lesser Included Offenses
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.

(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981) (emphasis added). Insofar as pertinent here, the revised rule provides that the trial judge will not instruct on any lesser included offense as to which there is no evidence.
The Florida Supreme Court explained the purpose of this change as follows:
The present rules have required instructions to the jury for offenses for which there is no support in the evidence and no argument by counsel, and as a result have caused jury confusion. It was this circumstance that led us to request the committee to recommend a table of lesser included offenses and modifications of our rules.
We do not view these changes as invasions by the trial judge into the province of the jury  our concern in Lomax v. State, 345 So.2d 719 (Fla. 1977). In Lomax a trial judge refused to give a requested lesser offense instruction solely because there was ample evidence to support a guilty verdict on the higher offense. This is to *968 be distinguished from the instant changes, which will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser included offense.

In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981) (emphasis added).
In Lomax, the Court said:
We have been asked repeatedly to determine whether a trial court erred in refusing to instruct on a particular lesser included offense, and if so whether that error was harmless or prejudicial. Initially, a line of case law evolved which supported the proposition that a trial court is not in error in refusing to instruct on lesser-included offenses when that court is of the opinion that, based upon the evidence adduced at trial, no reasonable jury could infer that the crime charged was not in fact committed. This proposition was rejected in Hand v. State, 199 So.2d 100 (Fla. 1967). In that case this Court stated:
"In our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge." 199 So.2d at 102.
345 So.2d at 720.[7] "The giving of such instruction should not hinge upon whether the trial court believes the evidence is susceptible of inference by the jury that the defendant is guilty of the lesser offense and not of the greater offense charged." Hand v. State, 199 So.2d at 101-02. Accord State v. Terry, 336 So.2d 65, 67-68 (Fla. 1976) (applying rule to permissive, as well as necessarily, lesser included offense); see also Amado v. State, 585 So.2d 282, 282-83 (Fla. 1991) (instruction required, when requested, on permissive lesser included offense unless "`there is a total lack of evidence of the lesser offense.'") (citation omitted). "Even if the weight of the evidence is overwhelmingly in favor of the State's charge, the defendant is entitled to an instruction on a lesser offense as to which there is any evidence." Kolaric v. State, 616 So.2d 117, 119 (Fla. 2d DCA 1993) (citations omitted).
Contrary to the suggestion in footnote 3 of the majority opinion, the decision in Amado v. State properly interprets Rule 3.510 and follows the precedent established in Hand v. State and Lomax v. State. To adopt the approach suggested in footnote 3 would unduly complicate the trial court's task in deciding which permissive lesser included instructions should be given.
NOTES
[1] M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990); G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), aff'd, 572 So.2d 1380 (Fla. 1991); see also E.W. v. State, 560 So.2d 388 (Fla. 3d DCA 1990); R.L.B. v. State, 562 So.2d 739 (Fla. 3d DCA 1990), rev. dismissed, 575 So.2d 651 (Fla. 1991).
[2] For example, a person may unlawfully "obtain" or "use" a motor vehicle, within the meaning of Section 812.014(1), Florida Statutes (1991), by towing the vehicle away without ever having entered or remained in the vehicle. Such a towing constitutes "taking or exercising control over the property," which Section 812.012(2), Florida Statutes (1991), defines as "obtains or uses" for purposes of the theft statute.
[3] To the extent that the dicta in Nurse v. State, 658 So.2d 1074, 1077 (Fla. 3d DCA 1995), requires that before a trial court may instruct the jury on a category 2 permissive lesser included offense there must be a rational basis in the evidence upon which the jury could acquit the defendant of the charged offense and convict the defendant of the lesser offense, we hereby recede therefrom as being in conflict with Amado. There need be no such rational basis shown in the evidence to trigger such a jury charge; it is enough that all the elements of the category 2 permissive lesser offense are established by the evidence adduced at trial, even though that same evidence also establishes the charged offense. Frankly, we have serious reservations about this result, as it appears contrary to the purpose of the 1981 amendments to Fla.R.Crim.P. 3.490 and 3.510, but we nonetheless feel compelled to follow Amado, which we think mandates this result, and to recede from the dicta in Nurse.

Under Brown, it is clear that a jury charge on a category 2 permissive lesser included offense was required to be given even though there was no rational basis in the evidence by which the jury could acquit the defendant on the charged offense and convict the defendant on the permissive lesser included offense; it was enough if some evidence was adduced to establish all the elements of the lesser offense, albeit that this same evidence also established all the elements of the charged offense. Indeed, the Florida Supreme Court in Lomax v. State, 345 So.2d 719 (Fla. 1977), reaffirmed, in effect, this very proposition. Subsequent to Brown, however, many members of the bench and bar bridled at the requirement that the trial judge, upon proper request, had to instruct the jury on all four categories of lesser included offenses outlined in the Brown opinion, even where there was no rational basis in the evidence upon which the jury could conclude that the lesser offense was committed, but not the charged offense. Under this now-abandoned practice, the jury was frequently awash in a confusing laundry list of lesser offenses which could not possibly have been committed without also committing the charged offense.
Consequently, to remedy this state of affairs, the relevant rules on lesser offense jury instructions were amended in 1981 to require that all lesser included offenses, except category 1 necessarily included offenses, must be "supported by the evidence." As to permissive lesser included offenses, Fla.R.Crim.P. 3.510(b) was amended to provide that:
"On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
(b) any offense that ... is a [permissive] lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct [the jury] on any [permissive] lesser included offense as to which there is no evidence."
(emphasis added). As explained by the Florida Supreme Court, these rule changes "eliminate the need to give a requested [jury charge on a] lesser offense, not necessarily included in the charged offense [i.e., a category 2 permissive included offense] when there is a total lack of evidence of the lesser offense"  which is to say, when there is no evidence in the record that the category 2 permissive lesser offense was independently committed, rather than the charged offense. In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981) (emphasis added).
Indeed, the Florida Supreme court in State v. Wimberly, 498 So.2d 929 (Fla. 1986), held, based on the omission of any evidentiary requirement for category 1 necessarily included offenses in Fla.R.Crim.P. 3.510(b), that the trial court must instruct the jury on such a lesser offense, upon proper request, even where the only evidence adduced at trial establishing the necessarily included offense also establishes the charged offense; as to all other lesser offenses, however, the Court indicated that a contrary rule prevails. Moreover, this result seems consistent with the result reached in the federal courts based on comparable rules. See, e.g., United States v. Langston, 903 F.2d 1510, 1512 (11th Cir.1990) ("[W]hen the evidence would permit a jury rationally to find a defendant guilty of the lesser offense and acquit him of the greater, the defendant is entitled to an instruction on the lesser included offense.").
Stated differently, the cash value difference in this respect, after the 1981 rule changes, between a category 1 necessarily included offense and a category 2 permissive lesser included offense is that the trial court must instruct the jury upon proper request on the former lesser so long as there is enough evidence to go to the jury on the charged offense  but not so on the latter lesser. Wimberly. A category 2 permissive lesser offense must be "supported by the evidence," unlike a category 1 necessarily included offense, and, consequently, there must be some evidence adduced at trial that this lesser was independently committed, rather than the charged offense. If, on the other hand, the provision in Fla.R.Crim.P. 3.510(b) that a permissive lesser included offense must be "supported by the evidence" means only that all the elements of the lesser offense must be proven by evidence at trial, even though this same evidence also proves the charged offense, then the 1981 rule changes on lesser offenses accomplished nothing, as that was the law before these amendments under Brown and Lomax  plainly an unacceptable result.
We recognize, however, that this analysis is inconsistent with Amado and consequently cannot be adopted as we are obliged to follow contrary Florida Supreme Court precedent. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Nonetheless, we certify, that our decision passes upon a question of great public importance so as to permit further review of this case by the Florida Supreme Court pursuant to Article V, Section 3(b)(4) of the Florida Constitution, to wit: If the only evidence adduced at trial establishing a category 2 permissive lesser included offense under Fla.R.Crim.P. 3.510(b) also establishes the charged offense as well [so that there is no rational basis in the evidence for the jury to acquit the defendant on the charged offense and convict the defendant on the lesser offense], is such a permissive lesser offense "supported by the evidence" under the above rule so as to require, upon proper request, a jury charge on such an offense where all the elements of the lesser offense are otherwise alleged in the indictment or information?
[4] We would, of course, reach a different result if the contrary analysis outlined supra note 3 were the law. Plainly, there was no rational basis in the evidence adduced at trial for the jury to conclude that the defendant was guilty of trespass in a conveyance, but not guilty of grand theft of a motor vehicle. The state's evidence, if believed, clearly established that the defendant was guilty of grand theft of a motor vehicle, as he was arrested by the police while driving the stolen motor vehicle the day after it was stolen, and thereafter admitted to the police that he knew the vehicle was stolen. On the other hand, the defendant's evidence, if believed, clearly established that the defendant was not guilty of any offense, including grand theft of a motor vehicle or trespass in a conveyance, as the defendant allegedly had no knowledge that the motor vehicle was stolen and therefore lacked any criminal intent; it was shown that the passenger in the stolen vehicle had represented to the defendant that the vehicle belonged to the passenger's boss who, in turn, had given the passenger permission to use it.
[5] We recognize that the trial judge denied the defendant's requested jury instruction on trespass in a conveyance based on different grounds than the ground on which we rely to sustain the trial judge's ruling. It is well settled, however, that a trial judge can be right in a ruling for any reason appearing in the record, regardless of the expressed reasons relied on by the judge for the subject ruling. Indeed,

"[i]t is elementary that the theories or reasons assigned by the lower court as its basis for the order or judgment appealed from, although sometimes helpful, are not in any way controlling on appeal and the Appellate Court will make its own determination as to the correctness of the decision of the lower court, regardless of the reasons or theories assigned therefor. Therefore, if the lower court assigns an erroneous reason for its decision, the decision will be affirmed where [as here] there is some other different reason or basis to support it."
In re Estate of Yohn, 238 So.2d 290, 295 (Fla. 1970) (emphasis added); see also Escarra v. Winn-Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961).
[6] I join the first two sentences of footnote three, but do not join the remainder of footnote three, or footnote four.
[7] Insofar as pertinent here, Lomax remains good law. The Florida Supreme Court has subsequently receded in part from Lomax's discussion of a different issue: the application of the harmless error doctrine where the trial court erroneously refuses to give an instruction on a lesser included offense. State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978); see also Rojas v. State, 552 So.2d 914, 916 n. 1 (Fla. 1989) (characterizing Abreau as having worked a "subsequent refinement" in Lomax). Lomax retains its validity on the question now before us.