THOMPSON, Judge.
Betty Dunn Starling appeals the judgment and sentence adjudicating her guilty of third degree grand theft. The gravamen of the charge is that she used her position of trust and influence to withdraw funds from the accounts of an 81-year-old woman, thereby depleting the accounts of the assets therein. Starling alleges that she co-owned the joint accounts and therefore could not be guilty of theft. The State alleges that the victim did not have the mental capacity to add Starling to her accounts. We affirm.
Starling met Lucinda Chick, age 81, when Starling was hired as the manager of a lunch site for the Meals on Wheels program. Starling was assigned to a municipal housing complex designed for senior citizens where Chick lived. Starling befriended Chick and their relationship grew from an acquaintanceship to one of confidence: Starling visited Chick at home on a regular basis, became her housekeeper and, eventually, Chick made Starling a signatory on her checking account.[1] On the same day Starling became a signatory on the account, Chick and Starling opened a money market account with $3,000 transferred from the cheeking account. Starling alleges that Chick wanted her to handle Chick’s finances by accessing her accounts to pay Chick’s bills. Eventually, the money market account was closed because Starling had overdrawn the account. Starling used the cheeking account to pay her mortgage, doctor bills, cable and utility bills, and to donate money to her church. She also bought tires and personal items, and wrote a check to a friend.
Chick became concerned about the depletion of her accounts and complained to the manager of her housing complex. He reported the matter to the Department of Health and Rehabilitation Services (“HRS”) and it investigated Chick’s depleted accounts. HRS referred the matter to the Orlando Police Department and the State Attorney’s Office. Starling was arrested and initially charged with exploitation of an aged person or disabled adult[2] and grand theft third degree.[3] She was tried, but the trial ended in a mistrial. The State filed an amended information charging Starling with grand theft of the third degree. The State amended the information to delete the exploitation charge because the statute that Starling had been prosecuted on previously, section 415.111, Florida Statutes, was declared unconstitutionally vague. See Cuda v. State, 639 So.2d 22 (Fla.1994). Starling was found guilty and adjudicated guilty of grand theft. She was sentenced to 5 years probation and 30 days in the Orange County Jail with credit for time served. Starling was also ordered to serve 200 hours of community service, and to pay $600 in court cost and a $500 public defender’s lien. Finally, Starling was ordered to pay restitution of $8,785.46. Although several issues are raised on appeal, only one merits discussion.
Starling filed a pre-trial motion to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In her motion, she contended that she could not be guilty of theft of funds taken from the accounts since she was the co-owner and therefore in lawful possession of the joint property. Hinkle v. State, 355 So.2d 465, dismissed, 359 So.2d 1220 (Fla.1978) and Rosen v. Marlin, 486 So.2d 623 (Fla. 3d *6 DCA 1986), rev. denied, 494 So.2d 1151 (Fla.1986) hold that a co-owner in lawful possession of jointly held property cannot be guilty of theft of the property. Starling renewed this motion as a motion for judgment of acquittal which the trial court denied. We hold that there was no error because there was sufficient evidence that Chick did not have the mental capacity to place Starling as a signatory on her accounts. See Deranger v. State, 652 So.2d 400 (Fla. 2d DCA 1995).
In Deranger, the court held that if there is circumstantial evidence presented that the defendant knew that the owner of an account lacked the mental capacity to consent to the taking of his or her property, the defendant may be prosecuted and convicted for grand theft. 652 So.2d 400. Specifically, the circumstantial evidence must show that the defendant obtained or used the property by taking' the property or obtaining it by fraud, willful misrepresentation of a future act, or false promise. Id. at 402. Further, the victim’s nonconsent to transfer of property could be proved by circumstantial evidence. There was ample circumstantial evidence presented in this case that Chick did not have the mental capacity to know the import of placing Starling on her account, thus transferring her property.
During the trial, the jury heard from several witnesses concerning Chick’s mental capacity. Her physician testified that she had been suffering from tertiary syphilis for several years, was generally confused, had memory loss, and suffered from hallucinations. He further testified that she had difficulty managing her own financial matters. He opined that she was in a constant state of confusion and did not have the cognitive ability to add a joint owner to her bank account. The manager of the complex where she lived testified that her memory was very bad and that she had difficulty managing her finances and remembering to pay her bills. Chick’s community care ease manager testified that Chick was often confused and forgetful, and had problems functioning on her own. All the witnesses testified that often Chick was not lucid.
There was substantial evidence presented at trial that on the day Starling was added as a signatory to Chick’s accounts, Chick was unable to comprehend the meaning and consequences of her actions, and that she generally lacked the capacity to understand her financial dealings. The record evidence supports a finding that Starling committed theft of Chick’s accounts by knowingly obtaining the account funds through fraud, misrepresentation, or false promise, with the intent to appropriate the property to her own use. § 812.014, Fla.Stat. We affirm.
AFFIRMED.
PETERSON, C.J. and W. SHARP, J., concur.

.Chick owned a checking account with several thousand dollars in the account when she met Starling. Starling never deposited any of her money into the account.

. § 415.111(5), Fla.Stat. (1991).

. § 812.014(2)(c)(l), Fla.Stat. (1991).