MICKLE, Judge.
The appellant, a juvenile, appeals an order of disposition after the trial court found him guilty of trespass in a conveyance. We reverse the order and direct that the appellant be discharged. The appellant was charged by petition with the theft of an $800.00 mountain bike pursuant to the grand theft statute, section 812.014(2)(c)l, Florida Statutes (1995). The state presented evidence that, within a few hours of the victim’s report of a theft, the appellant was observed riding the stolen bicycle and was apprehended by the police. The appellant testified that a friend had brought the bicycle to him and had given verbal permission for him to use it. At the conclusion of the adjudicatory hearing, the trial court found the appellant guilty of trespass in a conveyance pursuant to section 810.08, Florida Statutes.
Appealing the order of disposition, the appellant argues, and the state concedes, that a bicycle is neither a “motor vehicle” nor any other type of “conveyance” as the terms are used in the law governing trespass in a conveyance. The proper designation of a bicycle is material because the statute requires willful entry or remaining “in any structure or conveyance.” § 810.08(1), Fla. Stat. (emphasis added). The chapter defines “conveyance” as including any “motor vehicle” or other modes of transportation {e.g., ship, aircraft, and railroad ear) not applicable to the instant facts, and it does not include a bicycle within the definition. § 810.011(3), Fla. Stat. This omission of bicycles is consistent with the statutes governing state uniform traffic control, which exclude bicycles “propelled solely by human power” from the definition of “motor vehicle.” § 316.003(2) & (21), Fla. Stat. Likewise, the driver’s license statute excludes this type of bicycle from its respective definitions of “motor vehicle” and “vehicle.” § 322.01(26) & (42), Fla. Stat.
In the schedule of lesser offenses, trespass in a conveyance is not listed as either a Category 1 or Category 2 lesser offense of grand theft. Standard Jury Instructions— Crim. Cases No. 92-1, 603 So.2d 1175, 1258 (Fla.1992). Where the charging instrument failed to allege all the statutory elements of the alleged lesser offense, and the evidence at trial failed to establish each element, the record cannot support the conviction for trespass in a conveyance. M.J.S. v. State, 453 So.2d 870 (Fla. 2d DCA 1984) (state’s failure to establish that baekhoe is “conveyance” required reversal of conviction for trespass in a conveyance). See Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996); Sanchez v. State, 664 So.2d 331 (Fla. 3d DCA 1995) (defendant was not entitled to jury instruction on trespass in conveyance where information charging grand theft of motor vehicle did not allege statutory element of trespass that defendant “willfully entered or remained” in complainant’s motor vehicle).
The order of disposition is REVERSED, and the trial court is directed to DISCHARGE the appellant.
MINER and WEBSTER, JJ., concur.