PER CURIAM.
J.Y., a juvenile, appeals an adjudication of delinquency of burglary of a conveyance. We reverse.
The trial court erred in finding J.Y. guilty of the burglary charge. The evidence was insufficient to establish the crime of burglary of a conveyance: despite a bystander’s observation of J.Y. leaning into a vehicle, the state did not present any evidence that J.Y. had the intent to commit a crime in the vehicle. § 810.02(1), Fla. Stat. (1995); see K.H. v. State, 620 So.2d 1114 (Fla. 5th DCA 1993)(absent proof of intent to commit offense in dwelling burglary not established); B.D. v. State, 412 So.2d 70 (Fla. 1st DCA 1982)(crime of burglary not proven in absence of evidence of intent). Moreover, the state did not establish that J.Y.’s behavior constituted trespass in a conveyance, a lesser included offense of burglary, State v. G.C., 572 So.2d 1380 (Fla.1991); D.L. v. State, 567 So.2d 5 (Fla. 3d DCA 1990), as the state presented no proof in this case to demonstrate lack of consent, an element of the offense of trespass. § 810.08(1), Fla. Stat. (1995); Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996).
Based on the foregoing, we reverse the adjudication and remand for discharge of the juvenile.
Reversed and remanded.