697 So.2d 1272 (1997)
Terry L. WIMBERLY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4156.
District Court of Appeal of Florida, Fourth District.
August 13, 1997.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
This appeal arises from appellant's conviction for the crime of burglary with a battery. In charging the jury, the trial court refused to instruct on the lesser-included offense of simple battery. We hold that this was error under the circumstances of this case.
Appellant had become violent with the victim, his girlfriend, who obtained a domestic violence injunction against him. On the day of the incident, appellant came to the victim's house to speak with her. She refused but did pass him some money through the door. Instead of leaving, appellant went to the back of the house where he removed a screen and came through a window into the victim's room. He grabbed her by the hair, threw her on the bed, and bit her on the face. He then asked the victim to return a watch, took $250 from the victim's purse, and left the house. He was later arrested.
Appellant's version of the events, as he related to the arresting officer, was that he had entered the victim's house through the front door. He and the victim got into a tussle, at which time he hit her, bit her, and took some money from her purse before fleeing.
At the charge conference, appellant requested that, among other lesser-included offenses, the jury be instructed on simple battery. *1273 The court denied the request on the basis that simple battery was not a lesser-included offense of burglary with a battery, because the information did not charge appellant with battery. The jury was charged on burglary with a battery, burglary of a dwelling, burglary, trespass of a structure with a human being inside, and trespass of a structure.
During deliberations, the jury asked if it could enter a verdict on the battery charge separate from the burglary charge. The court informed the jurors that they could not reach a separate conviction. It also told them they were restricted to the verdict form and should find the defendant guilty of the highest offense proven. The jury then found the appellant guilty of burglary with a battery.
Simple battery is a category two permissible lesser-included offense of burglary with a battery. Bronson v. State, 654 So.2d 584, 585 (Fla. 2d DCA 1995); Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994). A properly requested jury instruction on a category two permissive lesser-included offense must be given if: (1) the information alleges all of the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of the elements. Jones v. State, 666 So.2d 960, 963 (Fla. 3d DCA 1996); Brown v. State, 206 So.2d 377, 383 (Fla.1968); see also Fla. R.Crim. P. 3.510(b). In this case, the information alleged all of the statutory elements of simple battery, and the state concedes that it presented evidence of it.
The state's position is that because there was no evidence that a simple battery was committed independently of the burglary, the trial court was not required to provide the simple battery jury instruction. However, in Amado v. State, 585 So.2d 282, 283 (Fla.1991), the court held that an instruction on a permissive lesser-included offense should be precluded only where there is a total lack of evidence of the lesser offense. We thus disagree with the third district's statement in a footnote in Jones that Florida Rule of Criminal Procedure 3.510(b) requires that there be some evidence in the record that the lesser-included offense was independently committed, rather than the charged offense, in order to mandate the instruction on the lesser-included offense. See Jones, 666 So.2d at 965-66 n. 3.
The evidence in this case, as presented by the state, supports the giving of the instruction. The trial court erred in failing to do so. In State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978), the court noted that the jury must be given a fair opportunity to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime. The supreme court explained, however, that only the failure to instruct the jury on the next immediate lesser-included offense, which is one step removed from the charged offense, constitutes reversible error; where the omitted instruction relates to any offense two or more steps removed, the error may be harmless. Id. In this case, the error was not harmless. From the jury's question, it is clear that the exercise of its "pardon power" was contemplated. The jury may have exercised it if it had been given the opportunity to convict the appellant of simple battery.
We therefore reverse and remand for a new trial.
POLEN and GROSS, JJ., concur.