PER CURIAM.
Donald Lycette appeals his convictions and sentences for burglary with a battery and misdemeanor criminal mischief. Although appellant raises five issues on appeal, only one requires discussion because it is disposi-tive of the case.
Appellant contends that the trial court erred in refusing to instruct the jury on simple battery as a lesser included offense of burglary with a batteiy. Appellant argues that the format of the verdict form in this case mandated such an instruction as a necessarily lesser included offense. We agree.
A trial court must instruct a jury on the next immediate lesser included offense of the crime charged. See State v. Wimberly, 498 So.2d 929, 932 (Fla.1986); State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978). Generally, simple burglary is a necessarily lesser included offense of burglary with a battery, and simple battery is a permissible lesser included offense two steps removed from burglary with a battery. See Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997). Here, the trial court instructed the jury on burglary of a dwelling with a battery, burglary of a dwelling or structure with a person inside and simple burglary, but did not charge the jury on simple battery, as requested by appellant’s counsel. The verdict form provided the jury with three options for conviction on the burglary count:
( ) Guilty of Burglary, as charged in the information.
If you find the Defendant Guilty of Burglary please indicate here if during the course of committing the Burglary the defendant made an assault or battery upon any person.
() Yes () No
If you find that while the Defendant made no assault or battery, please indicate here if the structure was occupied by a human being.
() Yes () No
If you find the Defendant Guilty of Burglary, please indicate here if the structure entered was a dwelling.
() Yes () No
( ) Guilty of Trespass, a lesser included offense.
If you find the Defendant Guilty of Trespass please indicate here if there was a human being in the structure.
() Yes () No
() Not Guilty.
The interrogatories provided in the “Guilty of Burglary” option simply confirm whether the jury properly found the elements required for burglary with a battery, the offense charged in the information. The jury did not have the choice of finding appellant guilty of burglary of a dwelling or structure or simple burglary, rather, the jury’s next option was to find appellant guilty of trespass. Since none of the necessarily lesser included offenses of burglary with a battery were options on the verdict form, the trial court should have given the requested battery instruction in addition to the other lesser included offenses and provided simple battery as an option on the verdict form.
The failure to instruct the jury on a permissible lesser included offense can be harmless error. See Abreau, 363 So.2d at 1064; Crespo v. State, 647 So.2d 295, 296 (Fla. 3d DCA 1994). However, the specific facts of this case preclude us from holding that the trial court’s failure to instruct on simple battery was harmless error because *877 the jury did not have the opportunity to consider whether appellant was guilty of any of the necessarily lesser included offenses of burglary with a battery. Accordingly, we reverse and remand this cause for a new trial. In view of this disposition, it is unnecessary to address the remaining issues presented on appeal.
REVERSED and REMANDED.
DELL and GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.